# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY CAR WASH ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CAR WASH ADVISORY LLC and HARRY CARUSO, <br><br> Defendants. | Case No. 22-cv-5612 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Amplify Car Wash Advisors LLC, ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against Car Wash Advisory LLC and Harry Caruso ("Defendants") states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### The Parties

1.  Plaintiff, Amplify Car Wash Advisors LLC, was founded by Bill Martin and Jeff Pavone.

2.  Plaintiff is an Arizona limited liability company that was incorporated in Arizona in February of 2020. On information and belief, Defendant Car Wash Advisory LLC is a limited liability company organized under the laws of the state of New York.

3.  On information and belief, Defendants utilize a business address of 500 W 43rd St #19G, New York, NY 10036.

4.  On information and belief, Defendant Harry Caruso is the Founder and CEO of Car Wash Advisory LLC.

5.      On information and belief, Harry Caruso is the active moving force behind Defendants' selection of service that it offers, trademarks and domain names that it selected, and uses of such marks and domains in conjunction with its services, and particularly Defendants' selection of the www.amplifycarwash.com domain on and in conjunction with its car wash mergers and acquisitions advisory and brokerage services.

## Jurisdiction

6.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1125(a), the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of New York and within this District and because Defendants purposefully availed themselves of the benefits and privileges of conducting business activities within the State of New York and within this District.

8.      More particularly, Defendants utilize a website to offer and promote its car wash mergers and acquisitions advisory and brokerage services in New York and to New York residents.

9.      Venue is proper in this Court at least pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## Nature of the Case

*Plaintiff's AMPLIFY Mark*

10.     Plaintiff began operations when its founders Bill Martin and Jeff Pavone went into business together, both being well known as leading car wash advisors in the industry.

11.     Mr. Martin and Mr. Pavone selected AMPLIFY CAR WASH ADVISORS ("the Mark") as the brand name for the company, with AMPLIFY as the dominant name identifier,

specifically providing merger and acquisition and brokerage services with a special and sole focus in the car wash industry.

12. Plaintiff, at all relevant times, has been the owner and operator of the online website https://amplifywash.com/ to promote its services.

13. Around the same time as the official incorporation of Amplify Car Wash Advisors LLC, Plaintiff began using AMPLIFY CAR WASH ADVISORS in interstate commerce in the promotion of its car wash brokerage and consulting services in connection with business sales, mergers, acquisitions, and business valuations.

14. In fact, Plaintiff began using AMPLIFY CAR WASH ADVISORS at least as early as February 21, 2020.

15. Plaintiff has used the AMPLIFY CAR WASH ADVISORS mark in commerce continuously since February 21, 2020 throughout the United States as well as in the State of New York in connection with the aforementioned services.

16. The AMPLIFY CAR WASH ADVISORS mark has been used exclusively and continuously by Plaintiff and has never been abandoned.

17. As a result of its widespread, continuous, and exclusive use of the AMPLIFY CAR WASH ADVISORS mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the AMPLIFY CAR WASH ADVISORS Mark. Plaintiff owned these rights prior to the Defendant's registration and use of the Infringing Domain www.amplifycarwash.com.

18. On June 2, 2022, Plaintiff filed an application for its AMPLIFY CAR WASH ADVISORS mark with the United States Patent and Trademark Office for "Business brokerage

and brokerage consulting services in connection with business sales, mergers, acquisitions, and business valuations" in International Class 036 (Ser. No. 97/440,477) (the "'477 Application").

19. Plaintiff disclaimed "CAR WASH ADVISORS" in its '477 Application.

20. One example of Plaintiff's use of the Mark is on its website, screenshots of which are reproduced below:



21. More specifically, Plaintiff uses the mark in conjunction with its services at least in the following form:

4



22. Consumers seeking car wash advisory services come to recognize and rely on AMPLIFY CAR WASH ADVISORS as identifying the Plaintiff as the source of car wash advisory and brokerage services.

23. Plaintiff has spent considerable sums of money in the promotion and protection of the Mark as sign of quality, good will, and exceptional car wash advisory services.

24. Over the course of the past several years, Plaintiff has generated substantial good will in association with its Mark.

25. Through its marketing, diligence, services and commitment to excellence, Plaintiff has established a celebrated and highly-distinguished brand.

26. The AMPLIFY CAR WASH ADVISORS mark is distinctive when used in conjunction with car wash advisory and brokerage services, signifying to the purchasers that the products offered in connection with those services come from Plaintiff and comport with Plaintiff's quality service standards.

27. The AMPLIFY CAR WASH ADVISORS mark is a critical component of consumer's ability to readily identify Plaintiff's services.

28. The AMPLIFY CAR WASH ADVISORS mark is an extremely valuable asset of Plaintiff.

29. Plaintiff owns and operates a website at www.amplifywash.com ("Plaintiff's Website"). Through its website, Plaintiff advertises, promotes, and offers for sale its services under the AMPLIFY CAR WASH ADVISORS Mark.

30. As a result of Plaintiff's expenditures and efforts, the AMPLIFY CAR WASH ADVISORS mark has come to signify the high quality of the car wash advisory services designated by the Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

31. Plaintiff has had substantial success with its services under the AMPLIFY CAR WASH ADVISORS mark since its business began.

32. Based on the AMPLIFY CAR WASH ADVISORS mark having been in continuous and substantially exclusive use, as well as being the subject of the expenditure of substantial resources in promoting and advertising, the AMPLIFY CAR WASH ADVISORS mark is recognized as an indicator of source for Plaintiff's services, and embodiments of the substantial and valuable goodwill associated with Plaintiff's services.

*Defendants' Wrongful Acts*

33. Upon information and belief, on or about November 18, 2021, Defendant registered www.amplifycarwash.com (the "Infringing Domain") with the registrar NameCheap, Inc. (the "Registrar"). A true and correct copy of the WHOIS record for the Infringing Domain is attached hereto as Exhibit A.

34. Although the WHOIS record does not disclose the identity of the domain name registrant, upon information and belief, Defendant is the owner of the Infringing Domain.

6

35. When www.amplifycarwash.com is entered into an internet browser, the page is redirected to Defendants' website, www.carwashadvisory.com ("Defendants' Website").

36. Both Defendants' Website and the Infringing Domain is accessible to individuals and businesses in New York.

37. The Infringing Domain is confusingly similar to the AMPLIFY CAR WASH ADVISORS Mark, which Plaintiff owned protectable exclusive rights to when Defendants registered the Infringing Domain.

38. Upon information and belief, Defendants were aware of Plaintiff's rights in the AMPLIFY CAR WASH ADVISORS mark when they selected and registered the Infringing Domain, and knowingly and intentionally registered the Infringing Domain because of its similarity to the AMPLIFY CAR WASH ADVISORS mark.

39. Upon information and belief, Defendants have no rights in or to any trademark or name that is similar to the Infringing Domain and are not known by any name that is similar to the Infringing Domain.

40. Upon information and belief, Defendants had no legitimate purpose for registering the Infringing Domain and did so only with bad faith intent to profit from the goodwill in the AMPLIFY CAR WASH ADVISORS mark and from use of the Infringing Domain as set out herein.

41. Without Plaintiff's authorization and, upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the AMPLIFY CAR WASH ADVISORS Mark, Defendants posted a live website at the Infringing Domain.

42. The live website using the Infringing Domain remains active as of the filing of this complaint.

7

43. Upon information and belief, Defendants used the Infringing Domain, which is confusingly similar to Plaintiff's Mark, to divert internet users looking for Plaintiff's Website to Defendants' Website. Upon further information and belief, Defendant used the Infringing Domain with bad faith intent to financially benefit directing users to Defendants' Website, which provides the same or at least extremely similar services as Plaintiff.

44. Because the Infringing Domain is confusingly similar to the AMPLIFY CAR WASH ADVISORS mark, and Defendants' Website promotes services that are identical and related to Plaintiff's services under the AMPLIFY CAR WASH ADVISORS mark, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendants' Website, and the services promoted therein, when that is not the case.

45. Due to the similarity of the Infringing Domain and Plaintiff's distinctive AMPLIFY CAR WASH ADVISORS mark, consumers are likely to associate the Infringing Domain with Plaintiff's mark, impairing the distinctiveness of Plaintiff's Mark. Upon information and belief, Defendants intended its use of the Infringing Domain so similar to Plaintiff's distinctive AMPLIFY CAR WASH ADVISORS mark to cause consumers to associate the Infringing Domain with Plaintiff's mark.

46. On information and belief, Defendants also registered and paid for a Google Ad Word using either Plaintiff's AMPLIFY CAR WASH ADVISORS Mark, or keywords that closely resemble Plaintiff's mark, in order to further divert consumers to Defendants' Website.

47. When performing a Google search for "amplify car wash advisors", Defendants' Website is the one and only advertised link that results. Aside from the advertised link, there is no search result on at least the first page of results that is in connection to Defendants' business. A

8

true and correct copy of the search results on Google for "amplify car wash advisors" is attached hereto as Exhibit B.

48. Defendants have acknowledged that they are the owners of the www.amplifycarwash.com Infringing Domain.

49. On May 25, 2022, Plaintiff's counsel sent a cease and desist letter to Defendants, specifically addressed to Defendant Harry Caruso's business email, objecting to Defendants' registration and use of the Infringing Domain ("Plaintiff's Letter"). A true and correct copy of Plaintiff's Letter is attached hereto as Exhibit C.

50. In Plaintiff's Letter, it demanded that Defendants immediately cease use of the Infringing Domain and transfer the Infringing Domain to Plaintiff.

51. On May 31, 2022, counsel for Defendants responded to Plaintiff's Letter ("Defendants' Response). In their response, Defendants acknowledged that they were the owners of the Infringing Domain, and stated that they would only cease use of and transfer the Infringing Domain to Plaintiff, *if* Plaintiff immediately ceased use of "Defendants' mark", which they claim to be the descriptive term of "CAR WASH ADVISORS". A true and correct copy of Defendants' Response is attached hereto as Exhibit D.

52. As "CAR WASH ADVISORS" is simply generic, and descriptive of the services that Defendants provide, Plaintiff did not, and has not, ceased use of those words in connection with its services.

53. In addition, Defendants' letter acknowledged that Plaintiff, in its Letter, did not "mention any compensation for such a transfer [of the Infringing Domain]", stating that "it appear[ed] to be a thinly veiled attempt to intimidate [Defendants] into surrendering [their] property."

9

54. Defendants acknowledged the fact that Plaintiff did not offer monetary compensation for the transfer of the Infringing Domain by Defendants to Plaintiff. Such a statement suggests that Defendant registered the Infringing Domain mimicking Plaintiff's AMPLIFY CAR WASH ADVISORS mark with the bad faith intent to financially benefit from Plaintiff.

55. On information and belief, Defendants registered the Infringing Domain in hopes that Plaintiff would become aware of Defendants' use of the Infringing Domain, and that Plaintiff would potentially offer monetary compensation for the transfer of the Infringing Domain to Plaintiff, which Defendants would thereby profit from.

56. On June 3, 2022, counsel for Plaintiff sent another letter in response to Defendants' Response ("Plaintiff's Reply). In its Reply, Plaintiff explained to Defendants that its claim to the mark "CAR WASH ADVISORS" was without merit, given the fact that the mark is unprotectable as generic and descriptive of the services Defendants provide. Plaintiff demanded that Defendants again immediately cease use of and transfer the Infringing Domain, and any other domain infringing on Plaintiff's Mark, by June 10, 2022. A true and correct copy of Plaintiff's Reply is attached hereto as Exhibit E.

57. Defendants' did not respond to that letter, but the redirecting site appears to at times still utilize the Infringing Domain to send users to Defendants' Website. A true and correct copy of the web page source showing the redirection is attached hereto as Exhibit F, showing the redirect source code once on May 25, 2022, as well as once on June 29, 2022.

58. Plaintiffs sent another letter on June 21, 2022, again demanding that Defendants turn over the Infringing Domain www.amplifycarwash.com ("Plaintiff's Final Letter"). A true and correct copy of Plaintiff' Final Letter is attached hereto as Exhibit G.

10

59. Once again, Defendants did not respond.

60. As of the filing of this Complaint, Defendants continue to hold the Infringing Domain, have not transferred the Infringing Domain to Plaintiff, nor contacted Plaintiff to initiate such a transfer.

61. Upon information and belief, Defendants' acts alleged herein are willful, with the deliberate intent to trade on the goodwill of Plaintiff's AMPLIFY CAR WASH ADVISORS mark, cause confusion and deception online and in the marketplace, divert internet users looking for Plaintiff's Website or Plaintiff's services under the AMPLIFY CAR WASH ADVISORS mark to Defendants' Website, and divert potential sales of Plaintiff's services to Defendants.

62. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

63. Defendants are profiting and will continue to profit from their unlawful actions.

64. Defendants' unlawful actions are causing and will continue to cause Plaintiff monetary damages in an amount presently unknown, but to be determined at trial.

## COUNT I
### Cybersquatting
### 15 U.S.C. § 1125(d))

65. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

66. Plaintiff owns all rights in and to the AMPLIFY CAR WASH ADVISORS mark, which is strong and distinctive, and was strong and distinctive as of the date that Defendants registered the Infringing Domain.

67. Defendants registered and used the Infringing Domain, which is confusingly similar to Plaintiff's AMPLIFY CAR WASH ADVISORS mark.

11

68. Defendants registered and used the Infringing Domain with an intent to profit from its confusing similarity to Plaintiff's AMPLIFY CAR WASH ADVISORS mark. Among other things, upon information and belief:

   a. Defendants registered the Infringing Domain, despite knowing that Defendants had no rights in any name or mark and were not known by any name that was referenced or reflected in the Infringing Domain;

   b. Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Infringing Domain;

   c. Defendants intended to divert consumers looking for Plaintiff's services online to Defendants' Website by exploiting the confusing similarity of the Infringing Domain and the AMPLIFY CAR WASH ADVISORS mark for Defendants' commercial gain;

   d. Defendants registered the Infringing Domain by proxy, with the ill-intent of benefiting from the Infringing Domain at least for a period of time before Plaintiff was aware of Defendants, and during which time Defendants were reaping the benefits of the Infringing Domain at Plaintiff's expense;

   e. Defendants, upon registering the Infringing Domain, re-routed the Infringing Domain to its own website, [www.carwashadvisory.com](http://www.carwashadvisory.com), to direct consumers looking for Plaintiff's services online to their own business, in an effort to intercept Plaintiff's potential customers and make them their own;

   f. Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and

12

will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

69. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, the transfer of the Infringing Domain to Plaintiff, or alternatively, cancellation of Defendants' registration of the Infringing Domain.

70. Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

71. Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a))

72. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

73. Plaintiff has been using the AMPLIFY CAR WASH ADVISORS mark in conjunction with offering car wash brokerage and merger and acquisition advisory services since at least as early as the year 2020.

74. Plaintiff offers its services with the AMPLIFY CAR WASH ADVISORS mark throughout the United States, including in New York.

75. Plaintiff has established common law trademark rights in its AMPLIFY CAR WASH ADVISORS mark.

76. Defendants have utilized the confusingly similar Infringing Domain which infringes upon Plaintiff's common law trademark rights.

13

77. There is an ongoing likelihood of confusion as between Plaintiff's use of AMPLIFY CAR WASH ADVISORS and Defendants' unauthorized use of the Infringing Domain with respect to offering car wash brokerage and merger and acquisition advisory services.

78. Defendants' acts greatly and irreparably damage Plaintiff, entitling Plaintiff to an award of damages, and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION
## (N.Y. Gen. Bus. Law § 349(a))

79. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

80. Defendant's actions with respect to the AMPLIFY CAR WASH ADVISORS mark alleged herein constitute unfair competition, and misappropriation of Plaintiff's goodwill under the common law of the State of New York.

81. Defendants' promotion, marketing, and offering for sale, of its car wash brokerage and merger and acquisition advisory services is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval by Plaintiff of Defendants' unauthorized car wash brokerage and merger and acquisition advisory services.

82. By using the Infringing Domain in connection with the offering of its car wash brokerage and merger and acquisition advisory services, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of such services and the services offered in connection therewith.

14

83. By using the Infringing Domain in connection with the offering of its car wash brokerage and merger and acquisition advisory services, Defendants lead consumers to believe that its services are in some way associated, approved, in conjunction with, or otherwise connected to Plaintiff, when in fact they are not.

84. Defendants have acted in bad faith and their actions have misappropriated the fruit of the labors and expenditures of Plaintiff.

85. Defendants' use of the Infringing Domain leads to the palming off of Defendants' services as Plaintiff's.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

86. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

87. Upon information and belief, sometime on or before November 18, 2021, Defendants became aware of Plaintiff's business and realized that it was a direct competitor of Defendants' business.

88. Upon information and belief, Defendants, after learning of Plaintiff, sought to register www.amplifycarwash.com, infringing on Plaintiff's name and rights in order to deceptively profit from Plaintiff's AMPLIFY CAR WASH ADVISORS mark.

89. Upon information and belief, due to Defendants' actions, consumers who may have entered into a business relationship with Plaintiff, instead formed a relationship with Defendants for car wash brokerage and/or merger and acquisition advisory services.

90. Upon information and belief, Defendants knew that re-routing the Infringing Domain to its own website would effectively result in Defendants' acquisition of customers that otherwise would have entered into business relationships with Plaintiff.

15

91. Upon information and belief, because of Defendants' actions, Plaintiff lost out on numerous business relationships and economic opportunities with prospective customers.

92. Upon information and belief, Defendants registered the Infringing Domain with the intent to interfere with Plaintiff's business relationships with its customers and with prospective customers.

93. Upon information and belief, Defendants' acts were taken for the sole purpose of harming at least Plaintiff, by interfering with its course of business.

94. These acts did cause injury to Plaintiff and its business relationships, resulting in damages.

95. Upon information and belief, Plaintiff alleges that Defendants have engaged in the conduct alleged herein with an intent to interfere with its business relations, thereby entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally as follows:

96. That Defendants have violated Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

97. That Defendants have violated N.Y. Gen. Bus. Law § 349(a).

98. That Defendants have tortuously interfered with Plaintiff's prospective economic advantage.

99. Ordering Defendants to, within ten (10) days of the entry of final judgment, transfer to Plaintiff registration of the Infringing Domain and registrations of any other domain names

16

owned or controlled by Defendants that are confusingly similar to Plaintiff's AMPLIFY CAR WASH ADVISORS mark.

100. Ordering that the Registrar, upon Plaintiff's request, transfer registration of the Infringing Domain to Plaintiff.

101. Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. owning, registering, trafficking in, or otherwise using the Infringing Domain and any other domain names owned or controlled by Defendants that are confusingly similar to Plaintiff's AMPLIFY CAR WASH ADVISORS mark;

    b. engaging in any activity that infringes Plaintiff's rights in its AMPLIFY CAR WASH ADVISORS mark;

    c. engaging in any activity constituting unfair competition with Plaintiff;

    d. making or displaying any statement, representation, or other indication that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

    e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols,

      devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

   f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any mark that infringes or is likely to be confused with Plaintiff's AMPLIFY CAR WASH ADVISORS mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

   g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

102. Compensatory and punitive damages for cybersquatting under 15 U.S.C. § 1125.

103. Compensatory and punitive damages for trademark infringement under 15 U.S.C. § 1125.

104. Compensatory and punitive damages for tortious interference with prospective economic advantage.

105. An award of fees, interests and costs.

106. An award of attorneys' fees as part of Plaintiff's costs.

107. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: June 30, 2022                                        Respectfully submitted,

                                                                            /s/ *Matthew De Preter*
                                                                            Matthew De Preter

                                                                            Matthew De Preter
                                                                            Sofia J. Quezada

ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

*Attorneys for Plaintiff, Amplify Car Wash Advisors LLC*

19