```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

AMPLIFY CAR WASH ADVISORS LLC,

                Plaintiff,

    - against -

CAR WASH ADVISORY LLC, ET AL.,

                Defendants.

------------------------------------

22-cv-5612 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL**, District Judge:

    The plaintiff, Amplify Car Wash Advisors LLC, brought this action against the defendants, Car Wash Advisory LLC and Harry Caruso, seeking damages and injunctive relief for cybersquatting and trademark infringement, in violation of 15 U.S.C. § 1125, and for unfair competition and tortious interference with prospective economic advantage, in violation of New York law. See Complaint, ECF No. 3. The defendants' answer was originally due on September 6, 2022. See Executed Waiver of Service, ECF No. 19.

    The defendants' time to answer or respond to the complaint was extended to September 23, 2022. See ECF No. 20. According to the defendants, they did not answer the complaint on or before the September 23, 2022 deadline because they were attempting to work out a settlement of the action. See ECF No. 32-1, at 2-3. The plaintiff thereupon secured a certificate of default as to both defendants on September 26, 2022, see ECF No. 24, and the plaintiff moved by order to show cause for a default judgment against the defendants, see ECF No. 25. Before the deadline to

respond to the order to show cause elapsed on October 14, 2022, the defendants moved to set aside the certificate of default and requested leave to file a late answer to the complaint. See ECF Nos. 32, 34.

The determination of whether to grant a party's motion for a default judgment is within the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). However, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are therefore "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96; see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

The text of Federal Rule of Civil Procedure 55(c) allows an entry of default to be set aside for "good cause," see Fed. R. Civ. P. 55(c), and courts evaluate whether good cause exists by considering "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented," Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994); see, e.g., U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 406-07 (S.D.N.Y. 2004) (applying these three factors in denying a party's motion for default judgment).

2

Applying the standard for vacating the entry of a default, the certificate of default here should be set aside because the "good cause" requirement of Rule 55(c) is satisfied. The Second Circuit Court of Appeals strongly encourages the resolution of cases on the merits, rather than on default. See Pecarsky, 249 F.3d at 174. In this case, the defendants' failure to answer was not willful, and the defendants have identified several valid defenses that they intend to assert against the plaintiff's claims. Moreover, the delay in the defendants' answer was less than two months, and once it became clear that the action could not be settled and that the defendants would have to answer the complaint, the parties could have agreed to set aside the certificate of default. Such an agreement would have avoided all of the subsequent procedural skirmishing over the propriety of a default judgment. And there is no credible argument that the plaintiff has been prejudiced by a delay of less than two months in receiving an answer or response from the defendants, particularly when that delay would have been shortened had the plaintiff simply agreed to let the defendants file a late answer in the first place.

Thus, as set forth in the Order filed contemporaneously with this Memorandum Opinion, the plaintiff's motion for a default judgment (ECF No. 25) is **denied**, the defendants' motion to set aside the Clerk's certificate of default in this matter (ECF Nos. 32, 34) is **granted**, and the certificate of default (ECF No. 24) is

set aside. The defendants' request for leave to file a late answer is **granted**. The answer is due on **November 14, 2022**.

The Clerk is directed to close ECF Nos. 25, 32, and 34.

**SO ORDERED.**

**Dated:**   **New York, New York**
    **November 9, 2022**

_____
John G. Koeltl
United States District Judge