IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY CAR WASH ADVISORS LLC, | |
| Plaintiff, | Case No. 22-cv-5612 |
| v. | |
| CAR WASH ADVISORY LLC and HARRY CARUSO, | Judge John G. Koeltl |
| Defendants. | |

### RULE 26(f) REPORT AND [PROPOSED] CASE MANANGEMENT PLAN AND SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), on November 18, 2022, counsel for the parties to this action met and conferred on the topics outlined in this report and proposed case management plan and scheduling order:

1. **Nature of Claims and Defenses**.

*Plaintiff's Statement*

Plaintiff Amplify Car Wash Advisors, LLC ("Amplify") asserts claims against Defendants for cybersquatting, common law trademark infringement, unfair competition, and tortious interference with prospective economic advantage in violation of the laws of the United States, and the statutory and common law of the State of New York. Specifically, Amplify contends that Defendants registered the domain www.amplifycarwash.com (Exh. A to the Complaint) in an attempt to direct potential and actual clients of Plaintiff's to Defendants' website, as the domain function as a redirect to Defendants' website www.carwashadvisory.com (Exh. F to the Complaint). Amplify seeks injunctive relief, damages, and attorneys' fees.

*Defendants' Statement*

Defendants Car Wash Advisory LLC ("CWA") and Harry Caruso ("Caruso") deny Amplify's claims in their entirety. Defendant Caruso founded Defendant CWA, a business which engages in the brokering, consulting and provision of advisory services related to the buying and selling of car wash businesses and assets, in August of 2019. Plaintiff Amplify entered the same business space as a competitor several months later, in 2020, using the name "Amplify Car Wash Advisory". The website in issue was at all times subsequent to Amplify's entry into the marketplace available for purchase and was legitimately purchased in November of the following year, more than seven months before Plaintiff filed a patent application or took any other affirmative steps to copyright its name despite the similarity to CWA's nomenclature. Moreover, while the website remained active, it received so little traffic as to be indetectable to established SEO tools. Defendants deny that any grounds for damages exist and seek judgment in their favor, including attorneys' fees and costs.

2. **Initial Disclosures**. The parties agree to exchange the initial disclosures required under FRCP 26(a)(1) no later than December 9, 2022.

3. **Consent to Proceed before a Magistrate Judge**. The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial.

4. **Settlement Discussions**. The parties have engaged in initial settlement discussions. However, such discussions have not been fruitful. The parties believe that a referral for a settlement conference before a Magistrate Judge may be helpful following an initial round of written discovery.

5. **Jury**. This case is to be tried to a jury.

6. **Joinder of Additional Parties**. No additional parties may be joined after January

23, 2023 without leave of Court.

7. **Amendments to Pleadings**. No additional causes of action or defenses may be asserted after January 23, 2023 without leave of Court. Motions to Amend before or after such date may only be made after a pre-motion conference with the Court.

8. **Protective Order**. In the event that a party believes a protective order is necessary, the parties will meet and confer to prepare a suitable protective order for Court approval.

9. **Fact Discovery Cut-Off**. All fact discovery is to be completed no later than May 23, 2023. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court provided the parties meet the deadline for completing fact discovery set forth above.

   a. Discovery requests shall be served 60 days prior to fact discovery close.
   b. Depositions shall be completed by close of fact discovery.
   c. Expert disclosures shall be served within 45 days of the close of fact discovery.
   d. Expert rebuttals shall be served within 30 days of expert disclosures.
   e. Expert depositions shall be completed within 14 days of expert rebuttals.

10. **Summary Judgment Motions**. Summary judgment motions shall only be made after a pre-motion conference with the Court and on or before August 23, 2023.

11. **Joint Pretrial Order**. Unless otherwise Ordered, or 21 days after the Court's decision on any dispositive motion, the parties shall submit to the Court for its approval a joint pretrial order including the matters specified in Section IV. A. of this Court's Individual

Practices.

12. **Filings Prior to Trial in Civil Cases**. Unless otherwise Ordered, the parties shall submit to the Court the items specified in Section IV. D. of this Court's Individual Practices on the same date as the Joint Pretrial Order.

13. **Modification**. The foregoing case management plan and scheduling order may only be modified by the Court for good cause shown.

| | |
|---|---|
| ARONBERG GOLDGEHN | PARLATORE LAW GROUP, LLP |
| By: /s/ Sofia J. Quezada<br>Sofia J. Quezada (*pro hac vice*)<br>Matthew De Preter (*pro hac vice*)<br>330 N. Wabash Ave. Suite 1700<br>Chicago, IL 60611<br>312-755-3139<br>cdepreter@agdglaw.com<br>squezada@agdglaw.com<br>*Attorneys for Plaintiff* | By: /s/ Maryam N. Hadden<br>Maryam N. Hadden, Esq.<br>One World Trade Center, Suite 8500<br>New York, New York 10007<br>646-846-6382<br>maryam.hadden@parlatorelawgroup.com<br><br>*Attorney for Defendants* |

Dated: November 21, 2022

SO ORDERED.

/s/ John G. Koeltl
11/20/22

Hon. John G. Koeltl
United States District Judge

*[Handwritten:]* Ready-Trial Date, 48 hours notice, 21 days after submission of the Joint Pre-Trial order. So ordered.

/s/ John G. Koeltl
U.S.D.J.
11/22/22.