

Aronberg Goldgehn Davis & Garmisa
330 North Wabash Ave., Suite 1700
Chicago, Illinois 60611-3586
www.agdglaw.com

Sofia Quezada
DIRECT: 312-755-3139
squezada@agdglaw.com

March 17, 2023

**VIA ECF**
The Honorable John G. Koeltl
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:** *Amplify Car Wash Advisors LLC v. Car Wash Advisory LLC*, **No. 1:22-cv-05612**

Dear Judge Koeltl:

Plaintiff writes concerning Defendants' failure to produce responsive documents regarding financial information of the Defendants. As set forth below, Plaintiff respectfully requests a pre-motion discovery conference in advance of filing a motion to compel Defendants to promptly produce written responses and responsive documents.[1]

Specifically, Plaintiff seeks to compel Defendants to (i) provide written responses to Interrogatories Nos. 2-6 and (ii) produce responsive documents to Requests Nos. 3-5, 8-9. These requests generally concern business opportunities that Defendants were presented with during the relevant time period, Defendants' sales, and financial information.

On January 10, 2023, Plaintiff served its First Set of Interrogatories and First Set of Document Requests upon Defendants. On February 9, 2023, Defendants provided their objections and responses to Plaintiff's first sets of requests. Defendants' responses largely consisted of objections on several bases. In fact, the only information that was disclosed by Defendants in Defendants' Responses to Plaintiff's First Set of Interrogatories included three pieces of information of which Defendants knew that Plaintiff was already aware, including identifying Harry Caruso as someone with knowledge of the Infringing Domain, and the date that Defendants acquired the Infringing Domain, which is public information.

Each and every response to Plaintiff's requests contained an objection, at least in part. On February 28, 2023, Plaintiff and Defendants held a Rule 37 conference to discuss the deficiencies in Defendants' responses to Plaintiff's requests. As a result of the parties' discussion, a handful of objections to interrogatory responses and document production were resolved by the parties, either by Defendants agreeing to supplement their responses, or by Plaintiff agreeing to amend its requests to provide clarification. There remained a number of requests that the parties were

---

[1] On February 28, 2023, counsel for the parties met and conferred via telephone to try and resolve this dispute, but were unable to reach agreement.

unable to agree on, of which Defendants stated that their objections would be sustained and that they would refuse to provide responses without intervention by this Court.

### Defendants' Business Opportunities and Financial Information

The particular requests at issue consist of requests for information regarding Defendants' business opportunities and financial information over a three-year period. For example, Document Request No. 3 seeks "documents sufficient to establish your profits and losses from December 2020 to present." 15 U.S. Code § 1117(a) provides that a plaintiff "shall be entitled … to recover (1) **defendant's profits**, (2) any damages sustained by the plaintiff, and (3) the costs of the action." There are "three categorically distinct rationales" for awarding profits under the Lanham Act: (1) the defendant is unjustly enriched; (2) the plaintiff sustained damages from the infringement; or (3) the award of profits is necessary to deter a willful infringer from doing so again. *See George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir. 1992). Interrogatories 2 and 3 and Document Requests Nos. 4 and 5 seek the number of transactions (or sales) Defendants have made since December 2020, and seek the names of the customers, as well as the dollar amount of such transactions. Such information is equally relevant to the extent that such information could not be ascertained through Defendants' profit and loss statements.

Defendants have no reason to withhold documents that provide the information needed for Plaintiff to prove its claim, as it must show whether Defendants made sales during the period of infringement, or, in the alternative, absence of sales show that Plaintiff suffered harm due to Defendants' infringement. Counsel for Plaintiff and Defendants briefly discussed a Protective Order that designates financial information as confidential. Nevertheless, Defendants maintained their objection and believe financial information is not relevant, despite it being found to be consistently relevant in infringement actions. *See Lifeguard Licensing Corp. v. Kozak*, No. 15 Civ. 8459 (LGS) (JCF), 2016 WL 4733157, at *5 (S.D.N.Y. Sept. 9, 2016); *Gucci America, Inc. v. Duty Free Apparel, Ltd*., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004); *Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 106 (2d Cir. 2012).

In addition, Defendants' commonly stated objection that Plaintiff's requests seek proprietary business information "predating the alleged harm" is improper. Information predating the infringing period is certainly relevant and should be allowed by this Court. Under a but-for analysis, Plaintiff must show that but for Defendants' infringement, Defendants' sales would otherwise have gone to Plaintiff. *Burndy Corp. v. Teledyne Industries, Inc*., 748 F.2d 767, 772 (2d Cir. 1984). Financial information from December 2020 to the present will illustrate Defendants' completed transactions, before, during, and after the infringement took place that will show the trend in Defendants' financials and any impact the infringement had on Defendants' business. Plaintiff only seeks information for a three-year period – which is reasonable and not burdensome. In fact, most businesses maintain their profits and losses on an annual basis. Plaintiff is therefore only seeking 3 years of business records.

### Defendants' Local Rule 33.3(a) Objection

Defendants also routinely object to Plaintiff's Interrogatories based on Local Rule

33.3(a). Local Rule 33.3(b)(1) allows interrogatories outside the scope of (a) where a brief written response would be "more practical method of obtaining the information sought than a request for production or a deposition." Defendants' Local Rule 33.3(a) objection to nearly every single only of Plaintiff's interrogatories is unreasonable in light of 33.3(b) where such requests seek a brief written answer that is more practical than sourcing documents or conducting a deposition. Defendants' 33(a) objections should be stricken entirely, and Defendants should be compelled to supplement its responses to all of Plaintiff's discovery requests without such objections.

### **Defendants' General Objections**

Defendants in large part wholly object to Plaintiff's requests in a matter identical or similar to the following: "Defendants object to this Interrogatory to the extent that it is overly broad and would require responses that are neither relevant nor proportional to the needs of the case; to the extent that it calls for the disclosure of proprietary business information; to the extent that it requires the identification of documents or communications dated prior to November 18, 2021, on the grounds that such request is overly broad, unduly burdensome, and not relevant or proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, the Interrogatory is overbroad and not relevant in that it seeks proprietary business information predating the alleged harm by almost one year. Moreover, Defendants object to this Interrogatory in its entirety as being beyond the scope authorized by Local Rule 33.3(a) of the Southern District of New York."

"Unsubstantiated claims of undue burden, overbreadth and lack of relevancy," as Defendants constantly assert in their responses, constitute "a paradigm of discovery abuse" and do not constitute a basis upon which to withhold discovery. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009); *see also Marano v. Aaboe*, No. 05 Civ. 9375(BSJ)(RLE), 2007 WL 631348, at *4 (S.D.N.Y. Feb. 27, 2007) (granting motion to compel and rejecting use of boilerplate discovery objections); *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10 Civ. 1676(GBD)(JCF), 2011 WL 1642377, at *3 (S.D.N.Y. Apr. 25, 2011) (noting impropriety of boilerplate discovery objections). As noted by the Court in *Flynn v. Goldman, Sachs & Co.*, No. 91 Civ 0035 (KMW), 1991 WL 238186, at *3 (S.D.N.Y. Nov. 1, 1991), "[r]esponses to discovery are always 'burdensome'; if the burden is demonstrated to be excessive in relation to the relevance of the documents, the court can shift the costs after production upon an appropriate showing." Defendants make this objection generally and without specificity to particular discovery requests. The objection should be stricken entirely or Defendants should be required to provide complete detail as to the basis for the objection for any applicable request.

Accordingly, Plaintiff respectfully requests that this Court grant its request for a pre-motion discovery conference.

Best Regards,

Sofia Quezada
4860-3032-2519, v. 4

See Enclosures

3