IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY CAR WASH ADVISORS LLC, <br><br> Plaintiff, <br> v. <br><br> CAR WASH ADVISORY LLC and HARRY CARUSO, <br><br> Defendants. | Case No. 22-cv-5612 <br><br> Judge John G. Koeltl <br><br> Magistrate Judge Ona T. Wang |

**JOINT PRETRIAL ORDER**

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.     FULL CAPTION OF THE ACTION.**

Please see the full case caption above.

**II.    PARTIES AND COUNSEL.**

**For Plaintiff:**

ARONBERG GOLDGEHN
225 W. Washington St. Suite 2800
Chicago, IL 60606

Matthew De Preter, *Pro Hac Vice*
  Phone: 312-755-3153
  cdepreter@agdglaw.com
Sofia Quezada Hastings, *Pro Hac Vice*
  Phone: 312-755-3139
  shastings@agdglaw.com

LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Ave., 46th Floor
New York, NY 10174

1

Alex G. Patchen
   Phone:
   Alex.patchen@listonabramson.com
Gina K. Kim
   Phone:
   Gina.kim@listonabramson.com

**For Defendants:**

Maryam N. Hadden
PARLATORE LAW GROUP LLP
260 Madison Avenue, 17th Fl.
New York, New York   10016
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

### III.  JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338. The jurisdiction of the Court is not contested.

### IV.  SUMMARY OF CLAIMS AND DEFENSES

**Plaintiff's Claims/Defenses:**

1. In COUNT I, Plaintiff alleges Defendants engaged in cybersquatting in violation of 15 U.S.C. § 1125(d).  This this Court has already found, that the Defendants are jointly and severally liable for cybersquatting by violating 15 U.S.C. § 1125(d) through their registration and use of www.amplifycarwash.com which infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks. There remains Plaintiff's further assertion that Defendants are liable for cybersquatting with respect to amplifywashes.com, and amplifycarwashes.com.  Plaintiff asserts it is entitled to damages for the violation.

2. In COUNT II, Plaintiff alleges Defendants engaged in common law trademark infringement in violation of 15 U.S.C. § 1125(a).  This Court has already found Defendants liable for trademark infringement through their registration of three domains and further use of www.amplifycarwash.com that infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks.  Plaintiff asserts the Defendants actions were willful and that it is entitled to damages for the infringement.

3. In COUNT III, Plaintiff alleges that Defendants engaged in unfair competition in violation of N.Y. Gen. Bus. Law § 349(a) by using domains that infringe Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks in connection with the

offering of its car wash brokerage and merger and acquisition advisory services. Plaintiff asserts that it was damaged by Defendants' action and that it is entitled to damages.

4. In COUNT IV, Plaintiff asserted a claim of tortious interference with prospective economic advantage.  Plaintiff does not intend for this claim to be tried, but rather seeks to voluntarily dismiss the claim.

5. Defendants did not assert any counterclaims, therefore Plaintiff has no defenses to assert.

**Defendants' Claims/Defenses**

1. Defendants did not assert any counterclaims in this matter.

2. Defendants have asserted the following affirmative defenses: failure to state a claim as to Plaintiff's unfair competition claim; damages are entirely speculative; Plaintiff's claims should be denied or reduced as its use of the name "Car Wash Advisors" puts it in direct competition with Defendants and would be the sole cause, if any, of confusion; no act or omission by Defendant(s) has caused any damage to Plaintiff; Defendants owed no duty to Plaintiff and have breached no duty to Plaintiff.

3. Defendants assert that having established the element of bad faith, Plaintiff is limited to the sole domain name addressed in the Complaint, amplifycarwash.com.

## V.     JURY OR BENCH TRIAL

The Parties request a jury trial. The Parties estimate that trial in this case will last no more than 3 days.

## VI.    CONSENT TO TRIAL BY MAGISTRATE JUDGE

The Parties do not consent to a trial by a Magistrate Judge.

## VII.   STIPULATIONS OR AGREEMENTS

The following facts and conclusions of law are stipulated:

1. Amplify, was formed in 2020 and specializes in mergers and acquisitions, capital advising, site selection, and financial services for car wash businesses. Dkt. 89, p. 2.

2. Amplify's founders have prior experience in the commercial real estate industry and one founder owns Commercial Plus, a commercial real estate brokerage firm founded in 1983 that also operates in the car wash industry. Dkt. 89, p. 2.

3. Amplify conducts business through its website, "amplifywash.com." Dkt. 89, p. 2.

4. Commercial Plus also operates a website under the domain name: "commercialplus.com." Dkt. 89, p. 2.

5. Caruso formed CWA in 2019. Dkt. 89, p. 2.

6. CWA provides car wash businesses with services related to mergers and acquisitions, raising capital, and investment and represents sell-side clients only. Dkt. 89, p. 2.

7. Caruso is the sole founder, equity owner, and member of CWA. Dkt. 89, p. 2.

8. CWA conducts business, in part, through its website: "carwashadvisory.com." Dkt. 89, p. 2.

9. In November 2021, both Amplify and CWA were exhibitors at "The Car Wash Show"—a convention for members of the car wash industry. Dkt. 89, p. 2.

10. Caruso attended the convention. Dkt. 89, p. 2.

11. On November 18, 2021—one day after the convention—Caruso purchased three new website domains using his personal PayPal account: amplifycarwash.com, amplifywashes.com, and amplifycarwashes.com. Dkt. 89, p. 3.

12. For a period of time, CWA's "amplifycarwash.com" domain redirected visitors to CWA's website, "carwashadvisory.com." Dkt. 89, p. 3.

13. As of sometime in June 2022, the "amplifycarwash.com" domain stopped redirecting visitors to CWA's website, "carwashadvisory.com." See, Dkt. 89, p. 3.

14. On December 7, 2021, Caruso also purchased "commercialpluscarwash.com." Dkt. 89, p. 3.

15. Plaintiff owns the trademarks "amplify car wash advisors" and "amplify," as used within the context of the car wash financial services industry. Dkt. 89, p. 8.

16. Both "amplify car wash advisors" and "amplify," are valid and entitled to protection despite their lack of registration. Dkt. 89, p. 8.

17. "Amplify" and "amplify car wash advisors" are suggestive marks; they are inherently distinctive even without acquired secondary meaning and are entitled to protection under the Lanham Act. Dkt. 89, p. 11.

18. Defendants used the plaintiff's marks in commerce. Dkt. 89, p. 11.

19. CWA's temporary use of the "amplifycarwash.com" domain to redirect traffic to its own website constitutes a use in commerce. Dkt. 89, p. 13.

20. There was a likelihood of consumer confusion because of the similarity of the marks, the proximity of the markets, and the defendant's bad faith. Dkt. 89, p. 18-19.

4

21. Defendants are jointly and severally liable for trademark infringement with respect to the "amplify" and "amplify car wash advisors" trademarks . Dkt. 89, p. 19, 28-29.

22. Plaintiff's "amplify" and "amplify car wash advisors" trademarks are distinctive within the meaning of 15 U.S.C. § 1125(d) at the time Caruso purchased www.amplifycarwash.com. Dkt. 89, p. 21.

23. The domain www.amplifycarwash.com is confusingly similar to the "amplify" and "amplify car wash advisors" trademarks. Dkt. 89, p. 22.

24. CWA has no intellectual property rights in "amplify" or "amplify car wash advisors." Dkt. 89, p. 25.

25. CWA has not used "amplify" or "amplify car wash advisors" in connection with a bona fide noncommercial or fair use. Dkt. 89, p. 25.

26. Defendants' actions in connection with www.amplifycarwash.com were in bad faith. Dkt. 89, p. 27.

27. Defendants are jointly and severally liable for cybersquatting with respect to www.amplifycarwash.com. Dkt. 89, p. 27-29.

28. The parties stipulate that Claim IV of Plaintiff's complaint (tortious interference) is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

## VIII. <u>WITNESSES</u>

| Plaintiff's Witnesses[1] | Defendants' Witnesses |
|---|---|
| **Harry Caruso (Live, Adverse)**<br><br>Plaintiff expects that Mr. Caruso will testify regarding (1) the business practices of CWA; (2) the circumstances surrounding the purchase and use of the accused domains; (3) CWA's financial information, including profits and losses since 2021; (4) his knowledge of Plaintiff as well as Commercial Plus; (5) his role at CWA and his personal involvement in the alleged conduct, namely his purchase and use of the accused domains.<br><br>**Colin May (By Deposition)**<br><br>Plaintiff expects that Mr. May will testify regarding his experience attending the Car | **Harry Caruso (Live)**<br><br>Defendants expect that Mr. Caruso will testify regarding the business practices and founding of CWA; the circumstances surrounding the purchase of the domain name and its lack of use; the lack of connection between the domain name and any business conducted by CWA; the lack of web traffic to CWA's website from the contested domain; and his awareness of Plaintiff including Plaintiff's apparent withdrawal from focusing on the car wash industry. |

---

[1] Plaintiff objects to Defendants' identification of Jeff Bankey and Ed Goff. Neither individual was ever identified on any Rule 26(a) disclosure by Defendants.

| | |
|---|---|
| Wash Show™ that took place in Las Vegas, Nevada from November 15-17, 2021.<br><br>**Christopher Niro (Live)**<br><br>Plaintiff expects that Mr. Niro will testify regarding (1) the finances and business practices of Amplify; (2) CWA's involvement and impact in the car wash advisory industry; (3) Amplify's advertising and marketing across the United States; (4) securing car wash buyers and sellers; (5) value of trademarks and goodwill; (6) confusion.<br><br>**Chris Jenks (Live)**<br><br>Plaintiff expects that Mr. Jenks will testify about (1) the finances and business practices of Amplify; (2) CWA's involvement and impact in the car wash advisory industry; (3) Amplify's advertising and marketing across the United States; (4) the history of Amplify and Commercial Plus; (5) interactions with Defendants in the industry.<br><br>**Bill Martin (Live)**<br><br>Plaintiff expects that Mr. Martin will testify regarding Amplify's founding, advertising, and basis for this suit. | **Jeff Bankey (Live)**<br><br>Defendants expect that Mr. Bankey will testify consistently with his affidavit that he did not find CWA through any "amplify"-related domain name.<br><br>**Ed Goff (Live)**<br><br>Defendants expect that Mr. Goff will testify consistently with his affidavit that he did not find CWA through any "amplify"-related domain name.<br><br>**Jeff Pavone (By Deposition)**<br><br>Defendants expect that Mr. Pavone will testify regarding his awareness of CWA; the lack of impact on Amplify's website or customer base attributable to CWA; and the services offered by Amplify including licensure.<br><br>**Bill Martin (By Deposition)**<br><br>Defendants expect that Mr. Martin will testify regarding Amplify's founding, naming and co-branding with Commercial Plus, as well as his understanding of the basis for the suit brought by his company. |

## IX. DEPOSITION DESIGNATIONS

Attached hereto as Exhibit A is Plaintiff's designations of the deposition of Colin May.

Attached hereto as Exhibit B is Defendants' designations of the deposition of Jeff Pavone.

Attached hereto as Exhibit C is Defendants' designations of the deposition of Bill Martin.

## X. EXHIBITS

Attached hereto as Exhibit D is a list of the Parties proposed exhibits and objections.

6

Dated: April 16, 2025               Respectfully submitted,


                                      /s/ *Matthew De Preter*

ARONBERG GOLDGEHN
Matthew De Preter, *Pro Hac Vice*
Sofia Quezada Hastings, *Pro Hac Vice*
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

LISTON ABRAMSON LLP
Alex G. Patchen
Gina K. Kim
The Chrysler Building
405 Lexington Ave., 46th Floor
New York, NY 10174
Tel: 212-257-1630
Fax: 917-633-5568
Alex.patchen@listonabramson.com
Gina.kim@listonabramson.com

*Attorneys for Plaintiff*


Maryam N. Hadden
PARLATORE LAW GROUP LLP
260 Madison Avenue, 17th Fl.
New York, New York  10016
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

*Attorney for Defendants*

7

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on April 16, 2025 which will send copies to all attorneys of record.

Date: April 16, 2025                                    ARONBERG GOLDGEHN

                                                        /s/ Matthew De Preter
                                                            Matthew De Preter