UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMPLIFY CAR WASH ADVISORS LLC,

                                          22-cv-5612-JGK-OTW

        *Plaintiff*,

       -against-

CAR WASH ADVISORY LLC and
HARRY CARUSO,

         *Defendants*.
------------------------------------------------------------X

**PROPOSED JURY INSTRUCTIONS SUBMITTED BY THE PARTIES**

Introduction to the Court:

The Parties submit this single set of proposed instructions. For the most part, the parties agree on the instructions. However, there are a select few instructions that the parties dispute. In those circumstances, the parties have provided each side's proposed instruction, first Plaintiff's followed by Defendants'.

Dated: May 23, 2025                                    Respectfully Submitted,


*/s/ Matthew De Preter*
ARONBERG GOLDGEHN
Matthew De Preter, *Pro Hac Vice*
Sofia Quezada Hastings, *Pro Hac Vice*
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
squezada@agdglaw.com

*/s/ Maryam N. Hadden*
PARLATORE LAW GROUP LLP
Maryam N. Hadden
260 Madison Avenue, 17th Floor
New York, NY 10016
Tel: 646-846-6382
Maryam.hadden@parlatorelawgroup.com

***Attorneys for Defendants***

LISTON ABRAMSON LLP
Alex G. Patchen
Gina K. Kim
The Chrysler Building
405 Lexington Ave., 46th Floor
New York, NY 10174
Tel: 212-257-1630
Fax: 917-633-5568
Alex.patchen@listonabramson.com
Gina.kim@listonabramson.com

***Attorneys for Plaintiff***

# Table of Contents

Proposed Preliminary Instructions .................................................................................. 1

   AGREED Preliminary Instruction No. 1  Contact with Others ................................................... 1

   AGREED Preliminary Instruction No. 2   Functions of the Court and the Jury ........................... 3

   Plaintiff's Proposed Preliminary Instruction No. 3  Taking Notes ............................................. 4

   Defendants' Proposed Preliminary Instruction No. 3  Taking Notes .......................................... 5

   AGREED Preliminary Instruction No. 4  Evidence in the Case ................................................... 6

   AGREED Preliminary Instruction No. 5  Direct and Circumstantial Evidence ........................... 8

   AGREED Preliminary Instruction No. 6  Questions by Jurors Forbidden ................................. 10

   AGREED Preliminary Instruction No. 7  Order of the Trial ..................................................... 11

   AGREED Preliminary Instruction No. 8 Corporate Parties....................................................... 12

   AGREED Preliminary Instruction No. 9 Corporate Responsibility (Express, Apparent, Implied
       Authority Defined) ............................................................................................................. 13

   AGREED Preliminary Instruction No. 10 Conduct of Counsel ................................................. 15

   Plaintiff's Proposed Preliminary Instruction No. 11  The Claims ............................................. 16

   Defendants' Proposed Preliminary Instruction No. 11  The Claims........................................... 18

   AGREED Preliminary Instruction No. 12  Definition of a Trademark ....................................... 20

   AGREED Preliminary Instruction No. 13  Parties' Stipulations ................................................ 21

   AGREED Preliminary Instruction No. 14  Conclusion of Preliminary Instructions .................. 23

Proposed Final Instructions .......................................................................................... 24

   AGREED Final Jury Instruction No. 15 GENERAL INSTRUCTIONS  Duty of the Court ...... 24

   AGREED Final Jury Instruction No. 16 GENERAL INSTRUCTIONS Duty of the Jury.......... 26

   AGREED Final Jury Instruction No. 17 GENERAL INSTRUCTIONS  Duty of Impartiality .. 29

   AGREED Final Jury Instruction No. 18 GENERAL INSTRUCTIONS Conduct of Counsel.... 30

   AGREED Final Jury Instruction No. 19 BURDEN OF PROOF Preponderance of the Evidence
       ........................................................................................................................................... 31

   DEFENDANTS' Proposed Final Jury Instruction No. 20 BURDEN OF PROOF What Is and Is
       Not Evidence....................................................................................................................... 33

   AGREED Final Jury Instruction No. 21 GENERAL INSTRUCTIONS  Direct and
       Circumstantial Evidence ..................................................................................................... 35

   AGREED Final Jury Instruction No. 22 GENERAL INSTRUCTIONS  Inference Defined...... 36

   AGREED Final Jury Instruction No. 23 GENERAL INSTRUCTIONS  Effect of Inference on
       Burden of Proof................................................................................................................... 37

   AGREED Final Jury Instruction No. 24 GENERAL INSTRUCTIONS  Witness Credibility ... 38

   AGREED Final Jury Instruction No. 25 GENERAL INSTRUCTIONS  Deposition Testimony 40

AGREED Final Jury Instruction No. 26 ELEMENTS AND BURDEN OF PROOF  Liability  41

AGREED Final Jury Instruction No. 27 ELEMENTS AND BURDEN OF PROOF  Trademarks at Issue ........................................................................................................ 42

AGREED Final Jury Instruction No. 28 ELEMENTS AND BURDEN OF PROOF  Trademark Infringement ................................................................................................. 43

PLAINTIFF'S Proposed Jury Instruction No. 29 ELEMENTS AND BURDEN OF PROOF  Cybersquatting ................................................................................................ 44

DEFENDANTS' Proposed Jury Instruction No. 29 ELEMENTS AND BURDEN OF PROOF  Cybersquatting ................................................................................................ 47

AGREED Final Jury Instruction No. 30 ELEMENTS AND BURDEN OF PROOF  Willful Trademark Infringement .................................................................................... 48

PLAINTIFF'S Proposed Jury Instruction No. 31 MONETARY RELIEF  Compensatory Damages – Infringement ........................................................................ 50

DEFENDANTS' Proposed Jury Instruction No. 31 MONETARY RELIEF  Compensatory Damages – Infringement ........................................................................ 52

PLAINTIFF'S Proposed Jury Instruction No. 32 MONETARY RELIEF  Recovery of Profits – Infringement .............................................................................. 54

DEFENDANTS' Proposed Jury Instruction No. 32 MONETARY RELIEF  Recovery of Profits – Infringement .............................................................................. 56

AGREED Final Jury Instruction No. 33 MONETARY RELIEF  Statutory Damages – Cybersquatting ............................................................................................ 58

PLAINTIFF'S Proposed Jury Instruction No. 34 CLOSING INSTRUCTIONS  Selection of Foreperson; Right to See Exhibits;  Communications with the Court ................................ 59

DEFENDANTS' Proposed Jury Instruction No. 34 CLOSING INSTRUCTIONS Duty To Deliberate/Unanimous Verdict ...................................................................... 60

DEFENDANTS' Proposed Jury Instruction No. 35 CLOSING INSTRUCTIONS Right To See Exhibits and Hear Testimony; Communications with Court ............................... 62

DEFENDANTS' Proposed Jury Instruction No. 36 CLOSING INSTRUCTIONS Selection of Foreperson ............................................................................................... 63

AGREED Final Jury Instruction No. 37 CLOSING INSTRUCTIONS  Verdict; Need for Unanimity; Duty to Consult ................................................................. 64

Plaintiff's Proposed VERDICT ................................................................................ 66

Defendant's Proposed VERDICT ............................................................................. 69

# Proposed Preliminary Instructions

## AGREED Preliminary Instruction No. 1
## Contact with Others

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is

1

that the evidence will be presented one witness and one exhibit at a time, and it is important that

you keep an open mind until you have heard all the evidence.

<u>*Authority*</u>

*4 Modern Federal Jury Instructions-Civil P 71.02, Instruction 71-15*

2

AGREED Preliminary Instruction No. 2
Functions of the Court and the Jury

You have two duties as a jury.  Your first is to decide the facts from the evidence in the case.  This is your job, and yours alone.  Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry or sex.

*Authority*

*Sample Civil Preliminary Instructions of the Seventh Circuit at 413; Federal Civil Jury Instructions of the Seventh Circuit* S 1.01

3

Plaintiff's Proposed Preliminary Instruction No. 3
Taking Notes

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. When you leave, your notes should be left in the courtroom. No one will read your notes.

The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Authority*

4 Modern Federal Jury Instructions-Civil P 71.02, Instruction 71-16 (modified)
Ninth Circuit Manual of Model Jury Instructions, Civil § 1.18  (2017) (modified)

**Defendants' Objection:**  Defendants believe that it is beneficial for the jury to have access to the transcript and that it indirectly discourages taking notes which can be distracting.  The Parties agree that whether to permit the transcript or not is largely within the discretion of this Court.

4

Defendants' Proposed Preliminary Instruction No. 3
Taking Notes

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. When you leave, your notes should be left in the courtroom. No one will read your notes.

The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Authority*

4 Modern Federal Jury Instructions-Civil P 71.02, Instruction 71-16 (modified)
Ninth Circuit Manual of Model Jury Instructions, Civil § 1.18  (2017) (modified)

**Plaintiffs' Objection:** Plaintiff's believe that transcripts should not be made available and that the jurors should rely on their recollection and any notes. The Parties agree that whether to permit the transcript or not is largely within the discretion of this Court.

5

AGREED Preliminary Instruction No. 4
Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of: (1) the sworn testimony of the witnesses -- regardless of who called the witness; (2) all exhibits received in evidence -- regardless of who may have produced them; (3) all facts and events that may have been admitted or stipulated to; and (4) all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proven.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

I may have taken what we call "judicial notice" of certain facts or events. That phrase means that I have determined certain facts to be true. When I have declared that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proven the fact or event which has been judicially noticed.

6

Also, some evidence may have been admitted for a limited purpose only. You must consider it only for that limited purpose and for no other.

<u>*Authority*</u>

Ninth Circuit Manual of Model Jury Instructions, Civil § 1.9, 1.10  (2017) (modified)

AGREED Preliminary Instruction No. 5
Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence proving a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence tending to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn, and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

*Authority*

*Sample Civil Preliminary Instructions of the Seventh Circuit at* 414 (modified)

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 74-2 (2020).

AGREED Preliminary Instruction No. 6
Questions by Jurors Forbidden

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

*Authority*

*Sample Civil Preliminary Instructions of the Seventh Circuit at* 417

AGREED Preliminary Instruction No. 7
Order of the Trial

The trial will proceed in the following manner:  First, Plaintiff's attorney may make an opening statement.  Next, Defendants' attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence.  Then, Defendants will have an opportunity to call witnesses and present evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

*Authority*

*Sample Civil Preliminary Instructions of the Seventh Circuit at* 411-12

AGREED Preliminary Instruction No. 8
Corporate Parties

In this case, the plaintiff and one of the defendants are corporations. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

*Authority*

*4 Modern Federal Jury Instructions – Civil P 72.01, Instruction 72-1*

AGREED Preliminary Instruction No. 9
Corporate Responsibility (Express, Apparent, Implied Authority Defined)

A corporation is a creation of state law and can act only through its agents—that is, its employees, officers or authorized representatives. In order to find that the act of an agent was binding on the corporation you must find that the agent had authority to act in the manner in which he or she is alleged to have acted.

This authority may be express, apparent or inherent. Express authority is created by the direct verbal or written giving of that authority by the corporation to its agent. For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses. Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carries generally recognized duties. In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the corporation. To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent. In such circumstances, the corporation is bound to third parties, who are unaware of any lack of authority to the same extent as if the power to act had been directly conferred. Therefore, if you find that the corporation has, by reason of its words or conduct, led a third party to rely on the appearance of the agent's authority to act on behalf of all the facts and circumstances of the particular case, then the corporation is responsible for such acts of its agent as if the corporation itself committed the acts.

There are also situations in which an agent has inherent authority to bind the corporation even when the corporation has not granted the employee either the express or apparent authority

13

to act on its behalf. This inherent authority may exist, provided the acts in question are within the scope of his or her employment, even though the acts may be criminal or tortious. An act is within the scope of employment if it is sufficiently related to the kind the employee was employed to perform, if it was done substantially within the time and space limits of the job and was actuated, at least in part, by a purpose to serve the corporation.

Therefore, if you find that the agent acted with express, apparent, or inherent authority to bind the corporation, you may find that the corporation was responsible for his conduct.

*Authority*

*4 Modern Federal Jury Instructions – Civil P 72.01, Instruction 72-2*

14

AGREED Preliminary Instruction No. 10
Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

My rulings on any objection or the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-6*

15

Plaintiff's Proposed Preliminary Instruction No. 11
The Claims

The position of the parties can be summarized as follows:

**Claim 1:**  Plaintiff Amplify Car Wash Advisors, LLC, asserts, and the court has ruled, that Defendants violated the Anticybersquatting Consumer Protection Act ("ACPA").  The ACPA provides for liability for registering, trafficking in, or using a website with a domain name that is identical or confusingly similar to a protected trademark.  Defendants have been found liable under the ACPA with respect to the domain www.amplifycarwash.com which infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks.  Defendants assert that Plaintiff was not damaged by the infringement.

Plaintiff further asserts that Defendants are liable under the ACPA with respect to the domains, amplifywashes.com, and amplifycarwashes.com.  Defendants deny liability with respect to those domains.

**Claim 2:**  Plaintiff asserts a claim for Trademark Infringement.  The Lanham Act makes it illegal for anyone to in connection with any goods or services use in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. This Court has already found Defendants liable for trademark infringement through their registration and use of www.amplifycarwash.com that infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks.  Defendants assert that Plaintiff was not damaged by the infringement.

16

<u>*Authority*</u>

*15 U.S.C. 1125(a)*

*15 U.S.C. 1125(d)*

**Defendants' Objection**: Defendants object to the inclusion of the additional domains in Claim 1. This issue is being addressed in connection with Docket Entry 99, for which Defendants' opposition is due May 27, 2025, after the submission of these proposed instructions.

Defendants' Proposed Preliminary Instruction No. 11
The Claims

The position of the parties can be summarized as follows:

**Claim 1:**  Plaintiff Amplify Car Wash Advisors, LLC, asserts that Defendants have violated the Anticybersquatting Consumer Protection Act ("ACPA").  The ACPA provides for liability for registering, trafficking in, or using a website with a domain name that is identical or confusingly similar to a protected trademark.  Plaintiff asserts that Defendants are liable under the ACPA with respect to the domain www.amplifycarwash.com which infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks. Defendants assert that Plaintiff was not damaged by the infringement.

**Claim 2:**  Plaintiff asserts a claim for Trademark Infringement.  The Lanham Act makes it illegal for anyone to in connection with any goods or services use in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. This Court has already found Defendants liable for trademark infringement through their registration and use of www.amplifycarwash.com that infringes Plaintiff's AMPLIFY and AMPLIFY CAR WASH ADVISORS trademarks. Defendants assert that Plaintiff was not damaged by the infringement.

*Authority*

*15 U.S.C. 1125(a)*

*15 U.S.C. 1125(d)*

18

**Plaintiff's Objection:** Plaintiff objects that this instruction is incomplete in failing to set forth the full scope of its cybersquatting claim.  This issue is being addressed in connection with Docket Entry 99.

AGREED Preliminary Instruction No. 12
Definition of a Trademark

This case involves the use of trademarks.  A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods or services.  The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace.  The main function of a trademark is to identify and distinguish goods or services as the product of a particular merchant and to protect its goodwill.

*Authority*

*Adapted from Model Civ. Jury Instr. 9th Cir. 15.1 (2017)*

20

AGREED Preliminary Instruction No. 13
Parties' Stipulations

The parties have agreed to certain facts. These will be read to you and a copy provided during your deliberations at the end of the trial. You must therefore treat these facts as having been proved:

1. Amplify, was formed in 2020 and specializes in mergers and acquisitions, capital advising, site selection, and financial services for car wash businesses.

2. Amplify's founders have prior experience in the commercial real estate industry and one founder owns Commercial Plus, a commercial real estate brokerage firm founded in 1983 that also operates in the car wash industry.

3. Amplify conducts business through its website, "amplifywash.com."

4. Commercial Plus also operates a website under the domain name: "commercialplus.com."

5. Caruso formed Car Wash Advisory (or "CWA") in 2019.

6. CWA provides car wash businesses with services related to mergers and acquisitions, raising capital, and investment and represents sell-side clients only.

7. Caruso is the sole founder, equity owner, and member of CWA.

8. CWA conducts business, in part, through its website: "carwashadvisory.com."

9. In November 2021, both Amplify and CWA were exhibitors at "The Car Wash Show"— a convention for members of the car wash industry.

10. Caruso attended the convention.

11. On November 18, 2021—one day after the convention—Caruso purchased three new website domains using his personal PayPal account: amplifycarwash.com, amplifywashes.com, and amplifycarwashes.com.

12. For a period of time, CWA's "amplifycarwash.com" domain redirected visitors to CWA's website, "carwashadvisory.com."

13. As of sometime in June 2022, the "amplifycarwash.com" domain stopped redirecting visitors to CWA's website, "carwashadvisory.com."

14. On December 7, 2021, Caruso also purchased "commercialpluscarwash.com."

15. Plaintiff owns the trademarks "amplify car wash advisors" and "amplify," as used within the context of the car wash financial services industry.

16. Both "amplify car wash advisors" and "amplify," are valid and entitled to protection despite their lack of registration.

17. "Amplify" and "amplify car wash advisors" are suggestive marks; they are inherently distinctive even without acquired secondary meaning and are entitled to protection under the Lanham Act.

18. Defendants used the plaintiff's marks in commerce.

19. CWA's temporary use of the "amplifycarwash.com" domain to redirect traffic to its own website constitutes a use in commerce.

20. There was a likelihood of consumer confusion because of the similarity of the marks, the proximity of the markets, and the defendant's bad faith.

21. Defendants are jointly and severally liable for trademark infringement with respect to the "amplify" and "amplify car wash advisors" trademarks.

22. Plaintiff's "amplify" and "amplify car wash advisors" trademarks are distinctive within the meaning of 15 U.S.C. § 1125(d) at the time Caruso purchased www.amplifycarwash.com.

23. The domain www.amplifycarwash.com is confusingly similar to the "amplify" and "amplify car wash advisors" trademarks.

24. CWA has no intellectual property rights in "amplify" or "amplify car wash advisors."

25. CWA has not used "amplify" or "amplify car wash advisors" in connection with a bona fide noncommercial or fair use.

26. Defendants' actions in connection with www.amplifycarwash.com were in bad faith.

27. Defendants are jointly and severally liable for cybersquatting with respect to www.amplifycarwash.com.

### *Authority*

Dkt. 106

*United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)), *amended by* 180 F.3d 1091 (9th Cir. 1999) (When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed.)

AGREED Preliminary Instruction No. 14
Conclusion of Preliminary Instructions

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

# Proposed Final Instructions

### AGREED Final Jury Instruction No. 15
### GENERAL INSTRUCTIONS
### Duty of the Court

Your opportunity and duty to deliberate is the next stage of this proceeding. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you go deliberate, it is my duty to instruct you as to the law that will govern your deliberations. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you at the start of the case, which you should now discard.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

*Authority*

24

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 71.2 (2020).

*4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-2 (modified)*

AGREED Final Jury Instruction No. 16
GENERAL INSTRUCTIONS
Duty of the Jury

In this case, the Court has already determined that the Defendants, Car Wash Advisory LLC and Harry Caruso, are liable for Plaintiff's Claim I for Cybersquatting and Claim II for trademark infringement. Your duty is to decide, based on the evidence presented, a damages award for Defendants' actions and the resulting harm, if any, to Amplify. As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, no one may invade your province or function as jurors. You must rely upon your own recollection of the evidence. To aid your recollection, we will send you the exhibits at the start of your deliberations, together with an index to help you find what you want.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties as to matters in evidence. Regarding exhibits, understand that for an exhibit to constitute evidence which may be considered by you, the exhibit must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection. If I instruct you that an exhibit may be considered only for a specific purpose, you may consider that exhibit for only that purpose and no other.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted to be asked here in court. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you

26

should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 143) in *Hermès International and Hermes of Paris, Inc. v. "Mason Rothschild" a/k/a Sonny Estival; 1-22-cv-00384*-JSR (S.D.N.Y. Jan. 14, 2022) (Rakoff, J.).

Adapted from <u>*4 Modern Federal Jury Instructions-Civil P 71.01*</u>, *Instruction 71-3*

*Adapted from <u>4 Modern Federal Jury Instructions-Civil P 71.01</u>, Instruction 74-1*

AGREED Final Jury Instruction No. 17
GENERAL INSTRUCTIONS
Duty of Impartiality

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-4*

AGREED Final Jury Instruction No. 18
GENERAL INSTRUCTIONS
Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on any objection or the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-6*

AGREED Final Jury Instruction No. 19
BURDEN OF PROOF
Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

31

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 73.01, Instruction 73-2*

DEFENDANTS' Proposed Final Jury Instruction No. 20
BURDEN OF PROOF
What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 74.01, Instruction 74-1*

**Plaintiff's Objection:**  Plaintiff objects that this instruction is redundant of other instructions provided elsewhere, including No. 16 (Duty of the Jury), No. 18. (Conduct of Counsel), No. 24 (Witness Credibility).  Accordingly, Plaintiff asserts that this instruction need not be given.

AGREED Final Jury Instruction No. 21
GENERAL INSTRUCTIONS
Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence proving a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence tending to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn, and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 74-2 (2020).

35

AGREED Final Jury Instruction No. 22
GENERAL INSTRUCTIONS
Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 75.01, Instruction 75-1*

36

AGREED Final Jury Instruction No. 23
GENERAL INSTRUCTIONS
Effect of Inference on Burden of Proof

You may consider inferences drawn from the evidence presented when considering whether a party has satisfied their burden of proving an element by the preponderance of the evidence. However, the mere existence of an inference against a party does not relieve the other party of the burden of establishing the element of its case by a preponderance of the evidence. For you to find in favor of a party on an element for which that party bears the burden of proof, you must still believe from the credible evidence, including any inference you may draw, that the party has sustained the burden cast upon it. If the party has failed, then you must find in favor of the other party. If you should find that all of the evidence is evenly balanced, then the party seeking to prove an element has failed to sustain the burden of proof on that element and you should find for the other party.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the party bearing the burden of proof by the standard I have articulated, then that party has met its burden of proof and you should find in favor of that party.

*Authority*

*(Adapted) 4 Modern Federal Jury Instructions-Civil P 75.01, Instruction 75-2*

AGREED Final Jury Instruction No. 24
GENERAL INSTRUCTIONS
Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses listened to and observed through live and remote testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which the witnesses testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

38

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 76-1 (2020).

AGREED Final Jury Instruction No. 25
GENERAL INSTRUCTIONS
Deposition Testimony

Some of the testimony before you is in the form of transcript excerpts from depositions that were received in evidence. A deposition is simply a procedure whereby, prior to trial, the attorneys may question a witness or a party under oath before a court stenographer. You should consider the deposition testimony transcript excerpts received at trial according to the same standards you would use to evaluate the testimony of a witness given live in court.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.).

AGREED Final Jury Instruction No. 26
ELEMENTS AND BURDEN OF PROOF
Liability

With these general instructions in mind, let me now turn to the two claims in this case that the plaintiff, Amplify, brings against the defendants, Car Wash Advisory and Harry Caruso. First, a claim of trademark infringement; and second, a claim of "cybersquatting." In this case, The Court has already found Defendants liable on both claims. However, to understand each claim, I will shortly instruct you on the essential elements of each claim that this Court has already found in favor for Amplify.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 143) in *Hermès International and Hermes of Paris, Inc. v. "Mason Rothschild" a/k/a Sonny Estival; 1-22-cv-00384*-JSR (S.D.N.Y. Jan. 14, 2022) (Rakoff, J.).

AGREED Final Jury Instruction No. 27
ELEMENTS AND BURDEN OF PROOF
Trademarks at Issue

Here, Amplify asserts infringement and cybersquatting of the AMPLIFY and AMPLIFY

CAR WASH ADVISORS trademarks. As you have heard, the Court has already found in

Amplify's favor on both claims, and determined that each Defendant, Car Wash Advisors LLC

and Harry Caruso are jointly and severally liable for cybersquatting and trademark infringement.

The plaintiff, Amplify Car Wash Advisors LLC, now seeks damages against the Defendants.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 190) in *Adidas Am., Inc. v. Thom Browne, Inc.,* 21-cv-05615-JSR (S.D.N.Y. Jan. 13, 2023) (Rakoff, J.); 3A Fed. Jury Prac. & Instr. § 159:40; 159.41 (6th ed.); 15 U.S.C. § 1127; *Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d.2d 337, 343-344 (2d Cir. 1999).

42

AGREED Final Jury Instruction No. 28
ELEMENTS AND BURDEN OF PROOF
Trademark Infringement

On Amplify's claim for trademark infringement, the Court has already found Defendants liable. Specifically, the Court has already found that:

1.  AMPLIFY and AMPLIFY CAR WASH ADVISORS are valid, protectable trademarks owned by Amplify;

2.  the Defendants used AMPLIFY and AMPLIFY CAR WASH ADVISORS in interstate commerce; and

3.  the Defendants used AMPLIFY and AMPLIFY CAR WASH ADVISORS without the consent of Amplify in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the services.

*Authority*

Adapted from Model Civ. Jury Instr. 9th Cir. 2.2 (2017); Dkt. 89, p. 19.

PLAINTIFF'S Proposed Jury Instruction No. 29
ELEMENTS AND BURDEN OF PROOF
Cybersquatting

On  Plaintiff's claim for cybersquatting, the Court has already found Defendants liable in part. Specifically, the Court has already found that:

1.  Both AMPLIFY and AMPLIFY CAR WASH ADVISORS are distinctive marks;

2.  The Defendants' domain name, amplifycarwash.com, is confusingly similar to the Amplify's marks; and

3.  Defendants purchased the domain amplifycarwash.com with a bad faith intent to profit from it.


Plaintiff further asserts that Defendants are liable for Cybersquatting with respect to its registration of amplifywashes.com, and amplifycarwashes.com.

To establish liability for each of amplifywashes.com and amplifycarwashes.com Plaintiff must show by a preponderance of the evidence that (1) the defendant registered, trafficked in, or used the domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with bad faith intent to profit from that mark.

In making a determination of bad faith, you may consider some of these nonexclusive factors below. No single factor is controlling.  Plaintiff is not required to prove that all, or even most, of the factors apply for you to find bad faith. These factors are listed below for your convenience only, and you may find some other factors that help you make a determination of bad faith.

(1) the trademark or other intellectual property rights of the person, if any, in the domain name;

(2) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(3) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(4) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(5) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(6) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(7) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(8) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(9) the extent to which the mark incorporated in the person's domain name registration is

or is not distinctive and famous

*Authority*

Adapted from Model Civ. Jury Instr. 9th Cir. 2.2 (2017); 15 U.S.C. § 1125(d);  Dkt. 89, p. 27.


**Defendant's Objection:** Defendant objects to this instruction as seeking liability for domains not listed in the complaint.  This issue is being addressed in connection with Dkt. No. 99. Should Defendants' opposition to the letter motion at Dkt. No. 99 be granted, the instruction as submitted by Plaintiff is acceptable to both parties up to and ending with the following line: "3. Defendants purchased the domain amplifycarwash.com with a bad faith intent to profit from it" and the remaining text would be omitted.

DEFENDANTS' Proposed Jury Instruction No. 29
ELEMENTS AND BURDEN OF PROOF
Cybersquatting

On Plaintiff's claim for cybersquatting, the Court has already found Defendants liable in part. Specifically, the Court has already found that:

1. Both AMPLIFY and AMPLIFY CAR WASH ADVISORS are distinctive marks;

2. The Defendants' domain name, amplifycarwash.com, is confusingly similar to the Amplify's marks; and

3. Defendants purchased the domain amplifycarwash.com with a bad faith intent to profit from it.

*Authority*

Adapted from Model Civ. Jury Instr. 9th Cir. 2.2 (2017); 15 U.S.C. § 1125(d);  Dkt. 89, p. 27.


**Plaintiff's Objection:** Plaintiff objects to this instruction as failing to set forth the full scope of Plaintiff's claim against Defendants.  This issue is being addressed in connection with Dkt. 99.

AGREED Final Jury Instruction No. 30
ELEMENTS AND BURDEN OF PROOF
Willful Trademark Infringement

The Court has already found that Car Wash Advisory and Harry Caruso are liable for trademark infringement. You must now determine whether Plaintiff has proven by a preponderance of the evidence that, at the time the Defendants engaged in the infringement, Defendants acted willfully.

Defendants acted willfully if they knew they were infringing Plaintiff's trademark or if they acted with indifference to Plaintiff's trademark rights. Plaintiff bears the burden of proving willfulness by a preponderance of the evidence. Plaintiff does not need to prove willfulness directly, as willfulness can be shown through circumstantial evidence and may be inferred from Defendants' actions.

You must find that Defendants acted willfully if any one of the following is true:

(1) When Defendants initially chose to use amplifycarwash.com:

    a. Defendants knew such actions were likely to cause confusion with either of Plaintiff's Amplify or Amplify Car Wash Advisors marks; or

    b. Defendants turned a blind eye, acting indifferently to whether such actions were likely to cause confusion with either of Plaintiff's Amplify or Amplify Car Wash Advisors marks;

(2) When Defendants linked amplifycarwash.com to their own domain to redirect internet traffic to their own domain:

    a. Defendants knew such actions were likely to cause confusion with either of Plaintiff's Amplify or Amplify Car Wash Advisors marks; or

b. Defendants turned a blind eye, acting indifferently to whether such actions were likely to cause confusion with either of Plaintiff's Amplify or Amplify Car Wash Advisors marks;

*Authority*

*Federal Civil Jury Instructions of the Seventh Circuit* § 13.6.5 (modified);

*4 Pillar Dynasty LLC v. New York & Co., Inc*., 933 F.3d 202, 209-210 (2d Cir. 2019) (affirming finding of willfulness by Rakoff, J.) (holding that to prove willfulness, "a plaintiff must show '(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard . . . or willful blindness.'") (citation omitted); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JSR, 2011 WL 4916299, at *5 (S.D.N.Y. Oct. 14, 2011) ("Willfulness need not be proven directly but may be inferred from the defendant's conduct.") (Rakoff, J.), *aff'd*, 748 F.3d 120 (2d Cir. 2014).

PLAINTIFF'S Proposed Jury Instruction No. 31
MONETARY RELIEF
Compensatory Damages – Infringement

For Defendant's trademark infringement, Amplify has the burden of proving it sustained actual damages by a preponderance of the evidence. If you find that Amplify proved actual damages, you may make reasonable inferences from the evidence to calculate the amount of damages. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the Defendants' infringement of Amplify's marks. In determining compensatory damages, the difficulty or uncertainty in ascertaining the precise amount of any damages does not preclude recovery; instead, you should use your best judgment in determining the amount of such damages. You may not, however, determine damages by speculation or conjecture.

You should consider the following in assessing compensatory damages, if any:

1. Any injury to Amplify's reputation;

2. Any loss to Amplify's goodwill, as I shall define goodwill for you;

3. Any lost profits that Amplify would have earned but for the Defendants' infringement, profit being determined by deducting all expenses from gross revenue;

4. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement, if any;

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of Amplify's marks at the time of the infringement by the Defendants.

50

In assessing damages for injury to the plaintiff's goodwill, you are instructed that the goodwill of a company is an intangible business value that reflects the basic human tendency to do business with merchants who offer products or services of the type and quality the customer desires and expects. The goodwill associated with a particular product or business may be symbolized by the consuming public's acceptance and recognition of a trademark. The goodwill attached to a product is often a part of the company's overall goodwill. It is possible, therefore, that the general goodwill of a company may be damaged by the loss of goodwill to a particular product or service. Whether this has occurred is a question of fact for you to answer.

If you find that the Plaintiff's goodwill has been damaged, either by injury to its general business reputation, or by injury to the goodwill of its product or services, you may assess whatever compensatory damages you find justified by the evidence. The measure of the Plaintiff's damage is the difference between the value of such goodwill before and after the acts of the Defendants.

The fact that the defendant did not actually intend, anticipate, or contemplate that any compensatory damages could occur is not a basis for you to deny awarding the damages to the plaintiff. If you find that the evidence before you is insufficient to show that the plaintiff has sustained any substantial damages, then you may return a verdict for the plaintiff and fix the amount of the compensatory damages in a nominal sum.

*Authority*

Adapted from Model Civ. Jury Instr. 9th Cir. 2.2 (2017); *Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 12-cv-1416 (S.D.N.Y. Aug. 12, 2016) (Ellis, R.).
Adapted from *4 Modern Federal Jury Instructions – Civil P 77.01*, Lexis Form, 485a-86A-23.

**Defendants' Objection:** Defendants' object to the instruction as drafted because it fails to adequately instruct the jury on the topic of nominal damages and to fully instruct the jury on the nature of compensatory damages.

51

DEFENDANTS' Proposed Jury Instruction No. 31
MONETARY RELIEF
Compensatory Damages – Infringement

For Defendant's trademark infringement, Amplify has the burden of proving it sustained actual damages by a preponderance of the evidence. If you find that Amplify proved actual damages, you may make reasonable inferences from the evidence to calculate the amount of damages. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the Defendants' infringement of Amplify's marks. In determining compensatory damages, the difficulty or uncertainty in ascertaining the precise amount of any damages does not preclude recovery; instead, you should use your best judgment in determining the amount of such damages. You may not, however, determine damages by speculation or conjecture.

You should consider the following in assessing compensatory damages, if any:

1. Any injury to Amplify's reputation;

2. Any loss to Amplify's goodwill, as I shall define goodwill for you;

3. Any lost profits that Amplify would have earned but for the Defendants' infringement, profit being determined by deducting all expenses from gross revenue;

4. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement, if any;

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of Amplify's marks at the time of the infringement by the Defendants.

In assessing damages for injury to the plaintiff's goodwill, you are instructed that the goodwill of a company is an intangible business value that reflects the basic human tendency to do business with merchants who offer products of the type and quality the customer desires and expects. The goodwill associated with a particular product or business may be symbolized by the consuming public's acceptance and recognition of a trademark. The goodwill attached to a product is often a part of the company's overall goodwill. It is possible, therefore, that the general goodwill of a company may be damages by the loss of goodwill to a particular product. Whether this has occurred is a question of fact for you to answer.

If you find that the plaintiff's goodwill has been damaged, either by injury to its general business reputation, or by injury to the goodwill of the product, you may assess whatever

52

compensatory damages you find justified by the evidence. The measure of the plaintiff's damage is the difference between the value of such goodwill before and after the acts of the defendant.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

If you find that Amplify has not proven any actual damages or lost profits attributable to the infringement, then you may still award Amplify nominal damages. Nominal damages are a symbolic sum, such as one dollar, awarded to recognize that a legal wrong occurred, even though the plaintiff did not suffer a measurable financial loss as a result of that wrong. The purpose of nominal damages is to affirm that the plaintiff's rights were violated. You may award nominal damages if you find that Amplify did not prove actual damages or unjust enrichment by the Defendants resulting from the infringement.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

*Authority*

Adapted from Model Civ. Jury Instr. 9th Cir. 2.2 (2017); *Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 12-cv-1416 (S.D.N.Y. Aug. 12, 2016) (Ellis, R.); *4 Modern Federal Jury Instructions – Civil P 77.01*, Instructions 77-3, 77-6, 86A-23.

**Plaintiff's Objection:** Plaintiff objects to Defendant's instruction as incorrectly setting forth the standard for awarding compensatory damages or alternatively nominal damages as compensatory damages. Plaintiff's proposed instructions as it pertains to compensatory damages is complete and substantively identical to the following portion of the Modern Federal Jury Instructions Form 86A-23 instruction: "The fact that the defendant did not actually intend, anticipate, or contemplate that any of these categories of compensatory damages would occur is not a basis for you to deny awarding the damages to the plaintiff. If you find that the evidence before you is insufficient to show that the plaintiff has sustained any substantial damages, then you may return a verdict for the plaintiff on trademark infringement and fix the amount of the compensatory damages in a nominal sum such as one dollar."

PLAINTIFF'S Proposed Jury Instruction No. 32
MONETARY RELIEF
Recovery of Profits – Infringement

For Defendants' trademark infringement, you may award Plaintiff the profits you determine that Car Wash Advisory earned as a result of Defendants' infringement. You may not, however, include in any award of such profits any amount that you may have already awarded in assessing compensatory damages under prior instructions. You should measure such profits as the difference between Car Wash Advisory's total revenues relating to the infringement and the expenses Car Wash Advisory incurred in order to make those sales. Amplify has the burden of proving Car Wash Advisory's gross revenue only. Defendants have the burden of proving all elements of costs or deductions claimed against its gross revenue and/or that any portion of the profit is attributable to factors other than the infringement. In other words, by a preponderance of the evidence:

1. Amplify must prove Car Wash Advisory's gross revenue that is attributable to the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS.

2. Car Wash Advisory must prove all costs, expenses, or deductions claimed as attributable to the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS, as well as any portion of the profit attributable to factors other than the infringement. Expenses are all operating and production costs incurred in producing the gross revenue. Gross revenue minus operating and production costs equals Car Wash Advisory's profits.

Unless you find that a portion of the profit from the sales of Car Wash Advisory's services in connection with the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS is

attributable to factors other than use of Amplify's marks, you should find that the total profit is attributable to the infringement.

*Authority*

Model Jury Instructions, American Bar Association, *Copyright, Trademark and Trade Dress Litigation* § 2.8.1 (2008) (modified); 15 U.S.C. § 1117(a); *RVC Floor Decor, Ltd. v. Floor and Decor Outlets of America, Inc.*, 527 F.Supp.3d 305, 331 (E.D.N.Y. 2021) (*citing Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S.Ct. 1492, 1497 (2020)).

**Defendants' Objection:** Defendant's object to Plaintiff's proposed instruction in that it fails to incorporate the Second Circuit's caution that "when relying on the deterrence rationale to support an award of an infringer's profits in the absence of any evidence of actual confusion, district courts should attend closely to the need to fashion a remedy that may sufficiently deter willful misconduct without giving plaintiffs a lottery-level windfall." *4 Pillar Dynasty LLC v. New York & Co., Inc.,* 933 F.3d 202, 214 (2d Cir. 2019).  Disgorgement of profits "is rarely granted and [is] limited to situations in which the defendant's profits represent unjust enrichment derived from diversion of business that clearly would otherwise have gone to the plaintiff." *Ultra Recs. LLC v. Ultra Int'l Music Publ'g*, 2025 U.S. Dist. LEXIS 33338 (S.D.N.Y. Feb. 25, 2025) (*citing Burndy Corp. v. Teledyne Indus., Inc.*, 748 F.2d 767, 772 [2d Cir. 1984]). Further, the Second Circuit views disgorgement of profits as an equitable remedy in which a windfall to the trademark owner should be avoided.  *Cesari S.R.L. v. Peju Province Winery L.P.*, 693 F. Supp. 3d 375 (S.D.N.Y. Sept. 22, 2023) *(citing* 5 McCarthy on Trademark § 30.66 [5th Ed.]).

DEFENDANTS' Proposed Jury Instruction No. 32
MONETARY RELIEF
Recovery of Profits – Infringement

For Defendants' trademark infringement, you may award Plaintiff the profits you determine that Car Wash Advisory earned as a result of Defendants' infringement. You may not, however, include in any award of such profits any amount that you may have already awarded in assessing compensatory damages under prior instructions. You should measure such profits as the difference between Car Wash Advisory's total revenues relating to the infringement and the expenses Car Wash Advisory incurred in order to make those sales. Amplify has the burden of proving Car Wash Advisory's gross revenue only. Defendants have the burden of proving all elements of costs or deductions claimed against its gross revenue and/or that any portion of the profit is attributable to factors other than the infringement. In other words, by a preponderance of the evidence:

3. Amplify must prove Car Wash Advisory's gross revenue that is attributable to the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS.

4. Car Wash Advisory must prove all costs, expenses, or deductions claimed as attributable to the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS, as well as any portion of the profit attributable to factors other than the infringement. Expenses are all operating and production costs incurred in producing the gross revenue. Gross revenue minus operating and production costs equals Car Wash Advisory's profits.

Unless you find that a portion of the profit from the sales of Car Wash Advisory's services in connection with the infringement of AMPLIFY and AMPLIFY CAR WASH ADVISORS is attributable to factors other than use of Amplify's marks, you should find that the total profit is

attributable to the infringement.  Disgorgement of profits is an equitable remedy; if you do find

that a portion of the profit is attributable to factors other than use of the domain name, you must

seek to avoid a windfall and instead estimate an amount that constitutes a fair recovery

*Authority*

Model Jury Instructions, American Bar Association, *Copyright, Trademark and Trade Dress Litigation* § 2.8.1 (2008) (modified); 15 U.S.C. § 1117(a); *RVC Floor Decor, Ltd. v. Floor and Decor Outlets of America, Inc.*, 527 F.Supp.3d 305, 331 (E.D.N.Y. 2021) (*citing Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S.Ct. 1492, 1497 (2020)).


**Plaintiff's Objection:** Defendant's proposed instruction, specifically the final sentence, does not follow the law.  While it is true that disgorgement is equitable, there is no requirement for a jury to "seek to avoid a windfall."  That would incorrectly allow a Defendant to avoid (or at least lessen) its burden of showing by a preponderance of the evidence what, if any, costs/expenses should be deducted from gross profits.  If Defendant fails in its burden, the law holds that its profits must be awarded to Plaintiff even if that results in a windfall and regardless of whether Plaintiff suffered any actual damage.  As the court in *WMS Gaming, Inc. v. WPC Prods. Ltd.*, stated, "[c]ourts consistently find that when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales." 542 F.3d 601, 608 (7th Cir. 2008).  The court continued, "the burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But ***to hold otherwise would give the windfall to the wrongdoer***. *Id.* quoting *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942) (emphasis added).  The Third Circuit has confirmed the same, stating "because *there is no requirement that the defendant's profits approximate the plaintiff's damages* . . . an accounting of the infringer's profits is available if the defendant is unjustly enriched, if the plaintiff sustained damages, or if an accounting is necessary to deter infringement. These rationales are stated disjunctively; any one will do. Allowing [defendant] to keep half the estimated profits of his infringing activities would not serve the Congressional purpose of making infringement unprofitable . . . Even if [plaintiff] receives a windfall in this case . . . it is preferable that [plaintiff] rather than [defendant] receive the benefits of [defendant]'s infringement. *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 177-178 (3d Cir. 2005).

AGREED Final Jury Instruction No. 33
MONETARY RELIEF
Statutory Damages – Cybersquatting

You must determine Amplify's damages for Defendants' cybersquatting. Amplify seeks a statutory damage award, established by Congress for the domain name registrations. The amount you may award as statutory damages is not less than $1,000, nor more than $100,000 per domain name. In determining the exact amount of statutory damages, you may consider what amount may be necessary to penalize Defendants for the use of the domain names and deter future cybersquatting.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 143) in *Hermès International and Hermes of Paris, Inc. v. "Mason Rothschild" a/k/a Sonny Estival; 1-22-cv-00384*-JSR (S.D.N.Y. Jan. 14, 2022) (Rakoff, J.).

PLAINTIFF'S Proposed Jury Instruction No. 34
CLOSING INSTRUCTIONS
Selection of Foreperson; Right to See Exhibits;
Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, a copy of the Patries stipulated facts and findings, and a verdict form on which to record your verdict. In addition, we will send into the jury room all the documentary and physical exhibits that were admitted into evidence, along with an index so you can locate what you want.

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Any of your requests, or any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

*Authority*

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 143) in *Hermès International and Hermes of Paris, Inc. v. "Mason Rothschild" a/k/a Sonny Estival; 1-22-cv-00384*-JSR (S.D.N.Y. Jan. 14, 2022) (Rakoff, J.).

**Defendants' Objection:** Defendants' object to this instruction as it reduces the instructive nature of proposed instructions 34, 35 and 36 by reducing them to a single, less complete instruction. Defendants propose that in place of Plaintiff's Proposed Instruction No. 34, that this Court read Defendants' Proposed Instruction Nos. 34, 35, and 36.

59

DEFENDANTS' Proposed Jury Instruction No. 34
CLOSING INSTRUCTIONS
Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff (or defendant) must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint (or affirmative defense or counterclaim). If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. (Similarly, if you find that the defendant has failed to sustain his or her burden with respect to any element of the defendant's affirmative defense (or counterclaim), you must return a verdict against the defendant on that defense or claim.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

60

_Authority_

_4 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-3_

**Plaintiff's Objection:** Plaintiff objects to this instruction as it is repetitive of previous instructions, particularly No. 19 addressing the burden of proof and No. 37 addressing the duty to consult, but without providing the same level of detail in the instruction.  It further may confuse the jury in referring to affirmative defenses and counterclaims that are not at issue and discussing matters in terms of double negatives (i.e, failing burdens and returning verdicts against parties).

DEFENDANTS' Proposed Jury Instruction No. 35
CLOSING INSTRUCTIONS
Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court— should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-1*

**Plaintiff's Objection:**  Plaintiff objects to this instruction as duplicative of Plaintiff's proposed instruction No. 34.  Plaintiff also objects to this instruction's indication that the jury will have the transcript made available. This instruction should not be given.

DEFENDANTS' Proposed Jury Instruction No. 36
CLOSING INSTRUCTIONS
Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

*Authority*

*4 Modern Federal Jury Instructions-Civil P 78.01, Instruction 78-5*

**Plaintiff's Objection:** Plaintiff objects that this instruction is duplicative of Proposed Instruction No. 34. This instruction should not be given.

AGREED Final Jury Instruction No. 37
CLOSING INSTRUCTIONS
Verdict; Need for Unanimity; Duty to Consult

You should not tell me or anyone else how the jury stands on any issue you must decide until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the issues of willfulness and damages for yourself, after consideration, with your fellow jurors, of the evidence in the case, and the stipulation of the parties, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation - to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier view that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

After you have reached a unanimous verdict, your foreperson will fill in the Verdict form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

This completes my instructions of law.

*Authority*

64

Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 143) in *Hermès International and Hermes of Paris, Inc. v. "Mason Rothschild" a/k/a Sonny Estival; 1-22-cv-00384*-JSR (S.D.N.Y. Jan. 14, 2022) (Rakoff, J.).

# Plaintiff's Proposed
# VERDICT

1. Do you find that Defendants' infringement of Plaintiff's trademark rights was willful (circle one)?

    - YES

    - NO

2. For Defendants' infringement of Plaintiff's trademark rights

    a. what amount of actual damages (if any) do you award to Plaintiff?

        - $_____

    b. what amount of disgorgement damages (if any) do you award to Plaintiff?

        - $_____

3. For Defendants' liability for cybersquatting with respect to amplifycarwash.com, what amount of statutory damages (between $1,000 and $100,000) do you award to Plaintiff?

        - $_____

4. Do you find the Defendants liable for cybersquatting with respect to amplifycarwashes.com?

    a. Harry Caruso (circle one):

        - YES

66

- NO

    b.  Car Wash Advisory, LLC (circle one):

- YES

- NO

5.   If you answered YES to any portion of Question No. 4, what amount of statutory damages (between $1,000 and $100,000) do you award to Plaintiff with respect to the cybersquatting of amplifycarwashes.com?

- $\underline{\hspace{6cm}}$

6.   Do you find the Defendants liable for cybersquatting with respect to amplifywashes.com?

    c.  Harry Caruso (circle one):

- YES

- NO

    d.  Car Wash Advisory, LLC (circle one):

- YES

- NO

7.  If you answered YES to any portion of Question No. 4, what amount of statutory

    damages (between $1,000 and $100,000) do you award to Plaintiff with respect to the

    cybersquatting of amplifywashes.com?

    - $\underline{\hspace{5cm}}$

**Defendants' Objection:**  Defendants object to this verdict form as improperly including liability
in Questions 4-7 for additional domains.  This issue is being further addressed in connection with
the pending letter motion at Dkt. 99.

# Defendant's Proposed
# VERDICT

1. Do you find that Defendants' infringement of Plaintiff's trademark rights was willful (circle one)?

   - YES

   - NO

2. For Defendants' infringement of Plaintiff's trademark rights

   a. what amount of actual damages (if any) do you award to Plaintiff?

      - $\underline{\hspace{4cm}}$

   b. what amount of disgorgement damages (if any) do you award to Plaintiff?

      - $\underline{\hspace{4cm}}$

3. For Defendants' liability for cybersquatting with respect to amplifycarwash.com, what amount of statutory damages (between $1,000 and $100,000) do you award to Plaintiff?

   - $\underline{\hspace{4cm}}$

**Plaintiff's Objection:**  Plaintiff objects to this verdict form as improperly excluding liability Questions 4-7 for additional domains.  This issue is being further addressed in connection with pending letter motion at Dkt. 99.

69