IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMPLIFY CAR WASH ADVISORS LLC,<br><br>                              Plaintiff,<br>v.<br><br>CAR WASH ADVISORY LLC and<br>HARRY CARUSO,<br><br>                              Defendants. | Case No. 22-cv-5612 (JGK)(OTW)<br><br>**DECLARATION IN OPPOSITION TO<br>PLAINTIFF'S MOTIONS *IN LIMINE*** |

Pursuant to 28 U.S.C. § 1746, Maryam N. Hadden declares as follows:

1. I am an attorney at Parlatore Law Group LLP and counsel for Defendants Car Wash Advisory LLC and Harry Caruso (jointly, "Defendants") in this action. This declaration is submitted in support of the Defendants' Opposition to Plaintiff's Motions *in Limine,* filed concurrently herewith.

2. The purpose of this declaration is to submit and identify for the Court true and correct copies of the following documents referenced in the Defendants' moving papers, as well as to make statements based upon my personal knowledge.

3. The basis of my knowledge regarding the documents is my review of the files and documents generated in this matter throughout my representation of the Defendants.

4. Attached hereto as Exhibit B (DEF-B) and Exhibit C (DEF-C) are true and correct copies of the proposed exhibits discussed in the Plaintiff's second motion *in limine*.

5. Attached hereto as Exhibit D is a true and correct copy of the complete transcript of the October 31, 2023 conference with the Court.

6. Plaintiff's third motion *in limine* makes the grave accusation that the undersigned made intentionally false representations to the Court and that I did so in order to gain some

advantage at trial. This is an extraordinarily serious accusation and one that requires, in my view, a response sworn not only as an officer of the Court but pursuant to 28 U.S.C. § 1746.

7. As this Court is by now well aware, Defendant Harry Caruso collected affidavits from nine customers (related to eight separate transactions), each of which described how they came to retain Defendants' services. These affidavits were sent to me by Mr. Caruso late on the night of October 10, 2023. We had a scheduled court appearance the following day in front of the Hon. Judge Wang and discovery was closing on the 11th, so I printed the affidavits so that I could turn them over in open court with apologies to both the Court and counsel. Unfortunately, as accurately reflected in Exhibit 2 to Plaintiff's Motion (ECF 109-2), my flight was cancelled and after I failed to get on two early flights as a standby passenger, I emailed the documents to counsel and emailed the Court to extend my apologies and to request an adjournment, as my flight would not land until after our appearance time. The status conference was rescheduled to October 31, 2023.

8. On October 31, 2023, the transcript (a complete copy of which is annexed hereto as Exhibit D), reveals that while these affidavits were discussed between pages 11 and 14, Plaintiff never asked to depose any of these individuals. On the contrary, Plaintiff said, "To go through and have to now, at this late stage, depose those people I think would be burdensome and inappropriate." (Exh. D, 11:25-12:2). If Plaintiff had asked to conduct depositions or to issue subpoenas to the signators, in addition to the 30(b)(6) deposition to be held, I would not have opposed the request, nor would I have had grounds for doing so. One of the affidavits was signed by Edward Goff.

9. During the discovery process, Plaintiff had demanded complete financial documentation from Defendants for twenty separate transactions, including both the transactions

for which affidavits had been provided and twelve additional transactions. These documents were bates stamped and turned over between December 8-12, 2023. The documents for Jeff Bankey's transactions involving Defendants were included in this production and are among the documents Plaintiff seeks to offer in evidence. Plaintiff seeks to introduce all twenty transactions and their associated financial information.

10. Pretrial submissions in this matter were due on April 16, 2025. Several days earlier, I had asked Defendants which of the affidavit signatories would be willing and available to testify at trial, if any.

11. On March 25, 2025, my domestic partner went into the emergency room shortly after leaving for work that morning. He was subsequently scheduled for outpatient surgery on April 10, 2025, as a result of test results from that hospital stay. I was with him for both the emergency room visit and the subsequent surgery. Although he came home from surgery that same day, he developed complications and was hospitalized on April 11-12, 2025, then released with ongoing follow-up care at home. His complications did not resolve and his medical situation was continuing to evolve over the next several days. On the morning of April 16, 2025, I called 911 for him due to uncontrollable pain. Should medical records be required for the Court's review to confirm this timeline, I have asked him to waive confidentiality to the extent of an *in camera* review and he has given me permission to submit them to this Court if needed.

12. On April 13, 2025, Defendants provided the names of several potential witnesses and recommended that we call Mr. Goff and Mr. Bankey. I should at that point have checked to confirm that both of these individuals had both been involved in the document disclosures AND signed affidavits but to my great regret I did not. I assumed that both were signatories and made that incorrect representation both in the joint pretrial submissions and then in open court to the

Hon. Judge Wang. In fact, Mr. Goff had signed an affidavit but Mr. Bankey, whose documents were in the December disclosure, did not. I did not realize the error until opposing counsel was asking questions of Mr. Bankey that he seemed unable to answer, at which point I checked the list of affidavits and interjected to inform counsel that I had been in error.

13. I am well aware that no case is worth the risk of intentionally impairing my credibility with the Court, nor would I ever intentionally do so. I did make an error that I should not have made, and for which my only excuse is that I was unduly distracted by my partner's health crisis.

14. Had I been more careful and realized that Mr. Bankey had not signed an affidavit when I should have, I would have presented him as a witness but would have informed the Court that Plaintiff had been in possession of his transaction documents since December of 2023, not as one of the affidavits turned over in October of 2023. My arguments regarding Mr. Goff would have been unchanged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2025

/s/ Maryam N. Hadden
Maryam N. Hadden
Parlatore Law Group LLP
260 Madison Avenue, 17th Fl.
New York, NY 10016
(646)846-6382
Maryam.hadden@parlatorelawgroup.com
*Attorneys for Defendants*