UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMPLIFY CAR WASH ADVISORS LLC,

                      Plaintiff,

              22-cv-5612 (JGK)

    - against -

              ORDER

CAR WASH ADVISORY LLC, ET AL.,

                      Defendants.

---

JOHN G. KOELTL, District Judge:

    The parties have submitted supplemental memoranda on the admissibility of defendants' Exhibits B and C, in connection with the plaintiff's motion in limine to exclude those exhibits. As the Court pointed out in ruling on the motions in limine at the pre-trial conference, as the proponent of the evidence, the defendants will have to establish the admissibility of the evidence. The Court could not make that determination on the pre-trial submissions, and the additional submissions do not resolve the admissibility of the exhibits which must await trial.

    It now appears agreed that computer-generated documents which are the output of a computer program that could be duplicated are not barred by the rule against hearsay evidence. See, e.g., United States v. Lizarraga-Tirado, 789 F.3d 1107, 1109-10 (9th Cir. 2015) (collecting cases).

With respect to defendants' Exhibit B, the plaintiff now argues principally that the Google Analytics data cannot be authenticated and that there is no witness with knowledge of how the evidence was generated.[1] However, the defendants' submission indicated that Mr. Caruso will authenticate the data by explaining how it was generated and how it can be duplicated by using the same Google Analytics software. The fact that Mr. Caruso was not confronted with the Google Analytics printout during his deposition is not dispositive. Other evidence indicating that the Google Analytics output is unreliable or irrelevant can be pursued at trial.

With respect to defendants' Exhibit C, it could not be determined from the submissions whether this is computer-generated material and how it was generated. Exhibit C will require an authentication witness. The plaintiff also questions the relevance of the exhibit because it is unclear what period it related to, and is dated October 4, 2022, although the

---

[1] The plaintiff also contends in passing that there is no evidence that Exhibit B is merely computer-generated data, and that it appears that human input was required at some point to generate the information. However, the question is not whether there was any human input; rather, the key issue is whether the "real work is done by the computer program itself," even if a person provides the initial input. Lizarraga-Tirado, 789 F.3d at 1110. The Lizarraga-Tirado court explained that although a person types the GPS coordinates into the Google Earth program—therefore requiring some human input—it is the program that ultimately "analyzes the GPS coordinates and, without any human intervention," makes the relevant assertion. Id. In this case, the same is true: a person inputs certain data, but Google Analytics does the "real work" of collecting the information and generating a report. Another person allegedly inputting the same data will get the same machine-generated result.

parties have stipulated that for a period of time the infringing domain redirected visitors to the defendants' website, but as of sometime in June 2022, the infringing domain stopped redirecting visitors to the defendants' website. Stipulated Facts ¶¶ 12-13.

The parties can pursue the admissibility of defendants' Exhibits B and C through examinations at trial.

**SO ORDERED.**

Dated:   New York, New York
         July 3, 2025

　　　　　　　　　　　　　　　　　　　　　／s／ John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
                                         **United States District Judge**