```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――
```
AMPLIFY CAR WASH ADVISORS LLC,

                      Plaintiff,
                                          22-cv-5612 (JGK)
        - against -
                                          MEMORANDUM OPINION AND
CAR WASH ADVISORY LLC, ET AL.,            ORDER

                      Defendants.
```
―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The plaintiff, Amplify Car Wash Advisors LLC ("Amplify"), seeks permanent injunctive relief in connection with its trademark infringement and cybersquatting claims. ECF No. 135. The defendants, Car Wash Advisory LLC ("CWA") and Harry Caruso, oppose the plaintiff's request for a permanent injunction, contending that such relief is not warranted and that, in any event, the permanent injunction proposed by the plaintiff is overbroad. ECF No. 138.

On summary judgment, the Court found the defendants jointly and severally liable for infringing the plaintiff's "Amplify" and "Amplify Car Wash Advisors" trademarks, in violation of 15 U.S.C. § 1125(a), and for cybersquatting with respect to the "amplifycarwash.com" domain, in violation of 15 U.S.C. § 1125(d). See ECF No. 89. At trial, the jury awarded the plaintiff nominal damages of $1 on the trademark infringement

claim and maximum statutory damages of $100,000 on the cybersquatting claim, and found that the defendants had acted willfully in infringing the plaintiff's trademarks. See ECF No. 132 at 301-05.

The Lanham Act authorizes the Court to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, . . . to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a).[1] A plaintiff seeking a permanent injunction must establish four factors: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).[2]

As to the first factor, the plaintiff has demonstrated irreparable injury caused by the defendants' trademark infringement and cybersquatting. To start, because the Court has

---

[1] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.
[2] Although eBay was a patent case, the Second Circuit Court of Appeals has concluded that "nothing in the text or the logic of eBay suggests that its rule is limited to patent cases." Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010). Rather, "eBay strongly indicates that the traditional principles of equity it employed are the presumptive standard for injunctions in any context." Id. at 78.

already found the defendants liable on these claims, the plaintiff is "entitled to a rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a). Moreover, the defendants have failed to rebut this presumption. Indeed, "[i]rreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark." Lexington Furniture Indus., Inc. v. Lexington Co., AB, No. 19-cv-6239, 2022 WL 13848274, at *11 (S.D.N.Y. Oct. 24, 2022). As explained on summary judgment and as evinced at trial, the plaintiff showed that the defendants' infringement created a likelihood of consumer confusion—and in fact confused at least one of the plaintiff's customers. In addition, the jury found that the defendants willfully infringed the plaintiff's marks.

The second factor of the eBay test is also satisfied. "A plaintiff has no adequate remedy at law[] if it can show that, absent an injunction, the defendant is likely to continue infringing its trademarks." Hermès Int'l v. Rothschild, 678 F. Supp. 3d 475, 490 (S.D.N.Y. 2023). In this case, the plaintiff has shown that "remedies available at law, such as monetary damages, are inadequate to compensate" for the plaintiff's injuries. eBay, 547 U.S. at 391. This is because the "loss of control over one's reputation" that results from infringement is "neither calculable nor precisely compensable." Lexington

Furniture, 2022 WL 13848274, at *11. And although the defendants deactivated the infringing domain in 2022, the defendants still own the infringing domain. That fact and the defendants' past willful violations suggest that the defendants might continue to engage in infringing activities unless enjoined by the Court.

The third and fourth eBay factors also weigh in favor of a permanent injunction. With respect to the balance of hardships, the plaintiff would suffer irreparable harm absent injunctive relief, while the defendants concede that transferring the infringing domain would cause them minimal or no hardship. Finally, "the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391. It is well-established that "the public has a protectable interest in being free from confusion, deception and mistake." Lexington Furniture, 2022 WL 13848274, at *12. Accordingly, permanent injunctive relief is appropriate in this case.

However, the permanent injunction proposed by the plaintiff is overbroad. See Ex. A to Aug. 1, 2025 Letter, ECF No. 135-1. A permanent injunction in a trademark case must be "narrowly tailored to fit specific legal violations" and "should not impose unnecessary burdens on lawful activity." Starter Corp. v. Converse, Inc., 170 F.3d 286, 299 (2d Cir. 1999). Certain portions of the plaintiff's proposed injunction sweep too broadly and are not narrowly tailored to fit the specific legal

4

violations committed by the defendants in this case. Therefore, the Court will adopt the form of injunctive relief proposed by the defendants. <u>See</u> Ex. 2 to Aug. 8, 2025 Letter, ECF No. 138-2.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's request for permanent injunctive relief is **granted** as set forth in a separate Order of today's date. The Clerk is respectfully requested to close ECF No. 135.

**SO ORDERED.**

**Dated:    New York, New York
           August 13, 2025**

　　　　　　　　　　　　　　　　　　　　　　　/s/ John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**