UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

AMPLIFY CAR WASH ADVISORS LLC,
                        Plaintiff,          22-cv-5612 (JGK)

         - against -                        MEMORANDUM OPINION
                                            AND ORDER
CAR WASH ADVISORY LLC & HARRY CA-
RUSO,
                        Defendants.
─────────────────────────────────────

JOHN G. KOELTL, District Judge:

The plaintiff, Amplify Car Wash Advisor LLC ("Amplify"), brought this action against the defendants, Car Wash Advisory LLC ("CWA") and Harry Caruso ("Caruso"), asserting claims for cybersquatting, 15 U.S.C. § 1125(d); common-law trademark infringement, 15 U.S.C. 1125(a); unfair competition under N.Y. Gen. Bus. Law § 349(a); and tortious interference with prospective economic advantage, all arising out of the defendants' purchase of the domain name "amplifycarwash.com."

After trial, the jury awarded Amplify nominal damages of $1 on the trademark-infringement claim and maximum statutory damages of $100,000 on the cybersquatting claim, and found that the defendants had acted willfully in infringing Amplify's trademarks. See ECF No. 141. Following the trial, the Court granted in part Amplify's request for permanent injunctive relief and enjoined the defendants from using Amplify's trademarks and required the defendants to surrender and deliver up possession of

the "amplifycarwash.com" domain to the plaintiff. See ECF No. 140.

Amplify moves for attorney's fees of $224,382.60 under the Lanham Act, 15 U.S.C. § 1117(a), costs of $10,591.01, and post-judgment interest. See ECF Nos. 144-45. For the reasons explained below, the motion for attorney's fees is **denied with prejudice**; the motion for costs is **denied without prejudice**; and the motion for post-judgment interest is **granted.**

### I.

The background of this litigation is set out in the Court's Memorandum Opinion and Order dated March 10, 2025, see Amplify Car Wash Advisors LLC v. Car Wash Advisory LLC ("Amplify II"), 770 F. Supp. 3d 625, 632-34 (S.D.N.Y. 2025), with which the Court assumes familiarity. The following facts are relevant to the present motion.

On May 25, 2022, Amplify sent Caruso a letter asserting unauthorized use of the domain name "amplifycarwash.com," demanding that CWA cease use of the "Amplify" mark and transfer the domain.[1] See ECF No. 145, Ex. A. On May 31, 2022, the defendants responded that the request "appear[ed] to be a thinly veiled attempt to intimidate our client into surrendering his

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

property," and proposed that CWA would stop using the domain if Amplify ceased using "Car Wash Advisors" in its title, website, and marketing materials. See id., Ex. B. Amplify did not accept that proposal, and in the following month, the defendants deactivated the domain. Hadden Decl. ¶ 8, ECF No. 155.

On June 21, 2022, Amplify offered to split the filing fees and pay $200 for the domain transfer. See ECF No. 145, Ex. D. The defendants did not accept this proposal. On July 5, 2022, Amplify filed the present case. See ECF No. 3. While the defendants did not answer within sixty days, during that period, the parties were engaging in settlement discussions that were unsuccessful. Hadden Decl. ¶¶ 9-12. The defendants contend that Amplify did not respond to their last pre-answer proposal and instead obtained a certificate of default against the defendants and moved for a default judgment. Id. ¶ 12; see also ECF No. 35 at 3. The Court denied Amplify's motion and vacated the certificate of default. See Amplify Car Wash Advisors LLC v. Car Wash Advisory LLC ("Amplify I"), No. 22-cv-5612, 2022 WL 16838336 (S.D.N.Y. Nov. 9, 2022). The expense caused by the plaintiff's refusal to vacate the certificate of default and moving for a default judgment against the defendants, was wholly unnecessary. As the court noted: "[T]he parties could have agreed to set aside the certificate of default. Such an agreement would have avoided all of the subsequent procedural skirmishing over the

propriety of a default judgment." Id. at *1. The defendants then answered within the extended time set by the Court. See ECF No. 41.

As discovery progressed, the parties continued to discuss settlement. On October 2, 2022, the defendants inquired about settlement; on October 5, 2022, Amplify demanded $275,000. Hadden Decl. ¶ 15. On October 11, 2023, the defendants offered $20,000; on October 19, 2023, Amplify countered at $70,000. See ECF No. 145 at 1, Ex. G. Magistrate Judge Ona T. Wang presided over several settlement conferences and extended a mediator's proposal, see ECF No. 88, which, according to the Declaration of the defendants' then counsel, the defendants accepted but Amplify did not. Hadden Decl. ¶¶ 16–17.

On Amplify's motion for partial summary judgment, the Court found the defendants jointly and severally liable for violating § 1125(a) by infringing Amplify's "Amplify" and "Amplify Car Wash Advisors" marks, and for violating § 1125(d) with respect to the "amplifycarwash.com" domain. See Amplify II, 770 F. Supp. 3d 625.

On August 13, 2025, the jury awarded Amplify $1 in nominal damages on the trademark-infringement claim and $100,000 in statutory damages on the cybersquatting claim. See ECF No. 141. After the trial, the defendants offered $50,000 to resolve the case; Amplify rejected that offer and proposed $200,000. Hadden

4

Decl. ¶ 17. The defendants satisfied the judgment on October 15, 2025. See ECF No. 158.

## II.

Amplify moves for attorney's fees pursuant to the Lanham Act, which provides that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Amplify is the prevailing party in this case.

The Court of Appeals for the Second Circuit has held that the Supreme Court's standard in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014), governing fee awards under the Patent Act, also applies to requests for attorney's fees under the Lanham Act. See Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 530-31 (2d Cir. 2018). Under Octane Fitness, an "exceptional" case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. at 554.

Courts consider factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554 n.6. "[W]here a party has set forth some good-faith argument in favor of its position, it will generally

5

not be found to have advanced exceptionally meritless claims." Hockeyline, Inc. v. STATS LLC, No. 13-cv-1446, 2017 WL 1743022, at *5 (S.D.N.Y. Apr. 27, 2017). Although Octane Fitness does not require "independently sanctionable misconduct," most post-Octane fee awards have involved substantial litigation misconduct. Id.; see also Hello I Am Elliot, Inc. v. Sine, No. 19-cv-6905, 2021 WL 1191971, at *7 (S.D.N.Y. Mar. 30, 2021) (considering whether the claimant acted with improper motives). Ultimately, whether a case is "exceptional" is committed to the Court's discretion, based on the totality of the circumstances. Octane Fitness, 572 U.S. at 554.

Amplify contends that, considering the totality of the circumstances, an award of attorney's fees is warranted based on the defendants' alleged misconduct and improper purpose during the settlement process and at the pleading stage. Pl.'s Mem. of L. in Supp. of Mot. for Attorney's Fees, Costs, and Post-Judgment Interest ("Pl.'s Mot.") 7-9, ECF No. 145. In particular, Amplify cites the defendants' refusal to resolve the dispute before suit, their initial failure to meet the answer deadline, and the assertion that the defendants never "simply offered to give the domain back." Id. These circumstances, however, do not show that the defendants' conduct was motivated by an improper purpose or constituted misconduct.

As Judge Sand observed in OPA (Overseas Pub. Ass'n) Amsterdam BV v. Am. Inst. of Physics, when "each side blames the other for not pursuing settlement more affirmatively . . . the failure to achieve a settlement was not entirely the responsibility of either party." 986 F. Supp. 242, 244 (S.D.N.Y. 1997), aff'd sub nom., Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 166 F.3d 438 (2d Cir. 1999). The same is true here. Each side faults the other for the breakdown in negotiations, but on this record, the responsibility cannot be laid solely at the defendants' feet. The defendants' settlement conduct appears routine, if not proactive: from the pleadings stage, they repeatedly engaged Amplify about settlement, deactivated the infringing domain, made multiple offers to return the domain (including offers well above the $1,000 statutory minimum under 15 U.S.C. § 1117(d)), accepted a mediator's proposal extended by Magistrate Judge Wang, and continued negotiations through and after trial. See Hadden Decl. ¶¶ 9-17; ECF No. 145, Exs. B, D, G. Mere back-and-forth over numbers and conditions to transfer the domain, without more, does not establish bad faith or misconduct. Therefore, the defendants' conduct during settlement was not improperly motivated and did not amount to misconduct.

Additionally, the defendants' delay in answering was neither motivated by an improper purpose nor objectively

7

unreasonable. As the Court explained in Amplify I, the delay stemmed from efforts to resolve the case through settlement, and "the defendants' failure to answer was not willful . . . [a]nd there is no credible argument that the plaintiff has been preju-diced by a delay of less than two months in receiving an answer or response from the defendants, particularly when that delay would have been shortened had the plaintiff simply agreed to let the defendants file a late answer in the first place." 2022 WL 16838336, at *1. Accordingly, the brief delay was excusable and does not suggest bad faith or misconduct.

To the extent Amplify also contends that the defendants' positions throughout this case were frivolous or objectively un-reasonable, the contention is unpersuasive. An argument is objectively unreasonable only if it is "clearly without merit or otherwise patently devoid of a legal or factual basis." Hello I Am Elliot, 2021 WL 1191971, at *8. An argument is frivolous if it amounts to a mere "shakedown." Penshurst Trading Inc. v. Zo-dax L.P., 652 F. App'x 10, 12 (2d Cir. 2016). But the failure of an argument at summary judgment or at trial does not, standing alone, render it objectively unreasonable or frivolous. See, e.g., id.; Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 531 n.7 (2d Cir. 2018); Stephen T. Greenberg, M.D., P.C. v. Perfect Body Image, LLC, No. 20-3912-cv, 2022 WL 275378, at *2 (2d Cir. Jan. 31, 2022).

In this case, the defendants' positions were neither objectively unreasonable nor frivolous. In resolving Amplify's motion for partial summary judgment, the Court concluded that, although the balance of the Polaroid factors favored Amplify, several factors weighed in the defendants' favor. See Amplify II, 770 F. Supp. 3d at 637–39. At trial, the defendants persuaded the jury that Amplify suffered no consequential damages from the trademark infringement, resulting in an award of only nominal damages. See ECF No. 141. Even though the defendants did not prevail at either of these stages, these outcomes underscore that the defendants' positions were not "clearly without merit," "patently devoid of a legal or factual basis," or "a mere shakedown."

On balance, this was a straightforward infringement dispute. It does not "stand out" as exceptional within the meaning of § 1117(a) and does not warrant an award of attorney's fees – particularly not in the amount sought by Amplify.

### III.

Under Local Civil Rule 54.1(a), costs are taxed by the Clerk in the first instance, and any disputes may then be presented to the Court. Amplify should submit any bill of costs to the Clerk in accordance with the Local Rules. Accordingly, the motion is **denied without prejudice** to renewal, if necessary, after a decision by the Clerk.

9

### IV.

Under 28 U.S.C. § 1961, Amplify is entitled to post-judgment interest on the $100,001 judgment from the date the judgment was entered, August 13, 2025, until the judgment was satisfied, October 15, 2025. The rate of post-judgment interest is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). For a judgment entered on August 13, 2025, the applicable rate is 3.90% (the week ending August 8, 2025). Post-judgment interest is computed daily and compounded annually. 28 U.S.C. § 1961(b). Accordingly, Amplify is entitled to post-judgment interest of $673.16, calculated as follows: $100,001 × 0.0390 ÷ 365 × 63 = $673.16.

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, Amplify's motion for attorney's fees is **denied with prejudice;** the motion for costs is **denied without prejudice;** and the motion for post-judgment interest is **granted.**

10

The Clerk is directed to close all pending motions in this case.

SO ORDERED.
Dated:    New York, New York
          January 8, 2026

_____
John G. Koeltl
United States District Judge