UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

AMPLIFY CAR WASH ADVISORS LLC,
                    Plaintiff,               22-cv-5612 (JGK)

    - against -                              MEMORANDUM OPINION
                                             AND ORDER
CAR WASH ADVISORY LLC & HARRY
CARUSO,
                    Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

The plaintiff, Amplify Car Wash Advisors LLC ("Amplify"), brought this action against the defendants, Car Wash Advisory LLC ("CWA") and Harry Caruso ("Caruso"), asserting claims for cybersquatting, 15 U.S.C. § 1125(d); common-law trademark infringement, 15 U.S.C. § 1125(a); unfair competition under N.Y. Gen. Bus. Law § 349(a); and tortious interference with prospective economic advantage, all arising out of the defendants' purchase of the domain name "amplifycarwash.com."

After trial, the jury awarded Amplify nominal damages of $1 on the trademark-infringement claim and maximum statutory damages of $100,000 on the cybersquatting claim and found that the defendants had acted willfully in infringing Amplify's trademarks. See ECF No. 141. Following the trial, the Court granted in part Amplify's request for permanent injunctive relief and enjoined the defendants from using Amplify's trademarks. See ECF No. 140.

On January 8, 2026, the Court denied Amplify's motion for attorney's fees. ECF No. 164. On February 11, 2026, Amplify submitted a Bill of Costs, ECF No. 168, and on March 3, 2026, the Clerk taxed costs in the amount of $10,591.01, ECF No. 169. The Clerk's Taxation of Costs included $7,185.23 in travel expenses for Amplify's out-of-district counsel. See id. The defendants now appeal the assessment of travel expenses as taxable costs. See ECF No. 170. The defendants do not oppose the remaining $3,300.78 in the Clerk's Taxation of Costs. See id. at 1 n.1. For the reasons that follow, the defendants' appeal is **granted** and the award of travel expenses for out-of-district counsel is **stricken**.

## I.

As an initial matter, Amplify argues that the defendants' objections to the Clerk's Taxation of Costs are untimely and therefore waived. See ECF No. 171, at ¶¶ 10, 13. That is incorrect. Federal Rule of Civil Procedure 54(d)(1) provides that "[t]he clerk may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The Clerk entered the Taxation of Costs on March 3, 2026; the defendants filed their motion appealing the Clerk's decision on March 10, 2026 — seven days later. See ECF Nos. 169, 170. The defendants' appeal is therefore timely.

2

## II.

The Clerk's Taxation of Costs includes $7,185.23 in travel expenses for Amplify's out-of-district counsel. The defendants argue that the travel expenses were not reasonably incurred and are therefore not taxable. See ECF No. 170, at ¶ 14. "[T]he Second Circuit [Court of Appeals] has instructed that defendants should not be penalized for a plaintiff's choice of out-of-district counsel." Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp. 3d 333, 345 (S.D.N.Y. 2016). Therefore, courts generally decline to permit the assessment of travel fees for out-of-district counsel when counsel charging similar fees can be found within the district, unless the case requires special expertise beyond the competence of in-district law firms. See, e.g., id. (collecting cases).

Courts in this District have found hourly rates of $200 to $450 for associates and $400 to $750 for partners to be reasonable in intellectual property cases in this District. See Latin Am. Music Co. v. Spanish Broad. Sys. Inc., No. 13-cv-1526, 2020 WL 2848232, at *6-7 (S.D.N.Y. June 1, 2020) (collecting cases). In this case, Amplify's out-of-district counsel charged rates within the permissible range for intellectual property lawyers in this District. See ECF No. 145-9 (showing hourly rates of $250 to $600 for Amplify's out-of-district counsel). Amplify does not contend that its out-of-district counsel has special

3

expertise beyond the competence of New York City-area law firms. See ECF No. 171. "There is no reason why [the defendants] should incur greater liability simply because [the plaintiff] retained out-of-district attorneys." Congregation Rabbinical Coll., 188 F. Supp. 3d at 345. Therefore, the $7,185.23 in travel expenses should be stricken from the Taxation of Costs.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the defendants' appeal of the Clerk's Taxation of Costs is **granted.** The Clerk's Taxation of Costs should be modified by striking the award of $7,185.28 in travel expenses for out-of-district counsel.

The Clerk is respectfully requested to close ECF No. 170.

SO ORDERED.
Dated:    New York, New York
          May 5, 2026

John G. Koeltl
United States District Judge

4